MILES W. CONWAY, Plaintiff in Error, v. COVELL CASE, Defendant in Error.

22 127
124 208
22 127
131 472
22 127
38a 346
22 127
57a 53
22 127
69a 61

### ERROR TO ROCK ISLAND.

A tender of money will be presumed sufficient if not objected to.

A party who contracts to give a deed with a covenant against incumbrances, does not meet his obligation, by offering such a deed, if the property is actually incumbered.

Proof of an incumbrance may be shown by the record. And if the mode of proof is irregular, that mode must be objected to, so that another may be adopted.

It will be presumed that all proper preliminary proof was made to the introduction of the record, as evidence, unless the contrary appears.

Parties should make specific objections in the Circuit Court to the introduction of evidence, if the propriety of its introduction is to be questioned in the Supreme Court.

The cancellation of a check upon, and its retention by, a bank, is evidence of the payment of it.

At law, time is of the essence of a contract to convey land, and if the vendor is not able to perform on the day, the vendee may consider the contract at an end.

THIS was an action of assumpsit counting upon the following promissory note :

$1,680.                                    *Rock Island, March 5th*, 1856.

On or before the tenth day of October, A. D. 1857, I promise to pay Miles W. Conway, or order, at the Rock Island Bank, in the City of Rock Island, the sum of one thousand six hundred and eighty dollars, with interest, for value received.

Signed,                    COVELL CASE.

The declaration contained the common counts.

The defendant pleaded as follows :

1. The general issue.

2. And the said defendant, for a further plea in this behalf, by leave of the court for that purpose first had and obtained, says, *actio non*, because he says that simultaneously with the making and delivery to the said plaintiff by the said defendant, of the said promissory note in the said declaration mentioned, to wit: On the fifth day of March, A. D. 1856, at the said county of Rock Island, the said plaintiff executed and delivered to the said defendant his certain bond or writing obligatory, sealed with his seal, and now to the court here shown, the date whereof is the day and year aforesaid, whereby the said plaintiff agreed, in consideration of the payment by the said defendant to the said plaintiff, of the sum of one thousand six hundred and eighty dollars, to be paid on or before the tenth day of October, A. D. 1857, to convey to the said defendant, upon the payment of said sum of money at or before the day last afore-said, by a good and sufficient deed, with full and proper cove-

nants of warranty, and free and clear of all incumbrance, that certain lot, piece or parcel of land situate in the city and county of Rock Island, and State of Illinois, known as lot five in block nine, in the original or old town of Stephenson, (now city of Rock Island,) as by the said bond or writing obligatory, now here brought into court, will more fully appear; and the said defendant avers that the said promissory note was made and given by the said defendant for the purchase money, price or consideration for the lot or tract of land in the said bond or writing obligatory described, and in consideration of the said agreement of the said plaintiff, by his said bond, to convey the same as aforesaid to the said defendant, and for no other purpose, intent or consideration whatever; and the said defendant further avers, that afterwards, to wit, on the said tenth day of October, A. D. 1857, and at the county aforesaid, he, the said defendant, was ready and willing and offered to pay, and then and there tendered to the said plaintiff the said sum of one thousand six hundred and eighty dollars, and then and there requested and demanded of the said plaintiff a good and sufficient deed of said lot or tract of land hereinbefore described, with full and proper covenants of warranty, and free and clear of all incumbrance, yet the said plaintiff did not nor would execute and deliver, and hath not as yet executed and delivered to the said defendant a good and sufficient deed of said lot or tract of land, with full and proper covenants of warranty, and free and clear of all incumbrance, but hath hitherto neglected and refused so to do; and this the said defendant is ready to verify; wherefore he prays judgment, etc.

And for a further plea in this behalf, by leave, etc., the said defendant says *actio non,* because he says that before the making and delivery of the said promissory note in the said declaration mentioned, to wit, on the fifth day of March, A. D. 1856, at the county of Rock Island aforesaid, the said plaintiff, in consideration of the payment to him, by the said defendant, of the sum of three hundred and sixty-six dollars, by his certain bond or writing obligatory, bearing date the day and year aforesaid, and which is now here brought into court, sealed with the seal of the said plaintiff, acknowledged himself to be held and firmly bound unto the said defendant, in the penal sum of three thousand three hundred and sixty dollars, for the payment of which well and truly to be made he thoroughly bound himself, his heirs, executors and administrators, and every of them, to which said bond or writing obligatory, there was and is annexed a recital and condition whereby it was recited that the said plaintiff had that day agreed to sell to the said defendant the following described lot or tract of land situated in the city and

county of Rock Island, and State of Illinois, known as lot five, in block nine, in the original or old town of Stephenson, (now city of Rock Island,) on condition that the said defendant should pay to said plaintiff the sum of one thousand six hundred and eighty dollars, on or before the tenth day of October, A. D. 1857, at the Rock Island Bank in the city of Rock Island aforesaid, for which the said defendant had given his promissory note, and was provided that if the said defendant should pay said note at maturity without any delay or defalcation, and should, in the meantime, pay all taxes on said land, and the said plaintiff should, upon the completion of said payment, make, execute and deliver to the said defendant, a good and sufficient deed, with full and proper covenants of warranty, free and clear of all incumbrance, then the said bond or writing obligatory should be void, otherwise should remain in full force and virtue—and that time should be deemed material and of the essence of the contract in said bond set forth. And the said defendant avers that he then and there paid to the said plaintiff the said sum of three hundred and sixty-six dollars, and made and delivered to the said plaintiff his promissory note for the said sum of one thousand six hundred and eighty dollars, payable on or before the tenth day of October, A. D. 1857, which was the same note mentioned in the said bond or writing obligatory, and in the said plaintiff's declaration herein, and was made and given for the consideration aforesaid, and none other.

And the said defendant further avers, that he paid, and was willing and liable to pay, all taxes on said land, between the day of the date of the said bond or writing obligatory and the tenth day of October, A. D. 1857, and on the said last mentioned day, was ready and willing, and offered to pay to said plaintiff at the said Rock Island Bank, in the said city and county of Rock Island, the said sum of one thousand six hundred and eighty dollars, and then and there tendered the said last mentioned sum of money to the said plaintiff, but the said plaintiff then and there neglected and refused, and hath ever since neglected and refused, to make, execute and deliver to the said plaintiff a good and sufficient deed of said lot or tract of land, with full and proper covenants of warranty, and free and clear of all incumbrance, but on the contrary thereof, the said defendant avers that at the time and place last aforesaid, the said lot or tract of land was, and for a long space of time before had been, subject to the incumbrance of a certain mortgage made and executed by the said plaintiff and his wife, to one Henry Shuster, bearing date the seventeenth day of October, A. D. 1855, to secure the payment to

the said Shuster by the said plaintiff, in two years from the date of said mortgage, the sum of fifteen hundred dollars, with interest at the rate of six per centum per annum, which said mortgage was duly filed for record in the recorder's office of said county of Rock Island, on the eighteenth day of October, A. D. 1855, and recorded in said office in book D, of Mortgages, at page four hundred and thirteen, and on the said tenth day of October, A. D. 1857, was not cancelled, released or discharged of record, but there remained, and was a subsisting and valid lien upon said lot or tract of land, to wit, at the county aforesaid ; and this the said defendant is ready to verify ; wherefore he prays judgment, etc.

And for a further plea in this behalf, by leave, etc., the said defendant says *actio non,* because he says that the said plaintiff, before and at the time of the commencement of this suit, to wit, at the county of Rock Island aforesaid, was and still is indebted to the said defendant in a large sum of money, to wit, the sum of two thousand five hundred dollars, lawful money, for money lent and advanced by the said defendant to the said plaintiff, at his request; and for other money by the said defendant paid, laid out and expended for the said plaintiff, at his request; and for other money by the said plaintiff had and received to and for the use of the said defendant; and for other money, found to be due and owing from the said plaintiff to the said defendant, on an account stated between them, which said sum of money so due and owing from said plaintiff to the said defendant, as aforesaid, exceeds the damages sustained by the said plaintiff by reason of the non-performance by him, the said defendant, of the said several supposed promises and undertakings in the said accusation mentioned, and out of which said sum of money so due and owing from the plaintiff to the defendant, he, the said defendant, is ready and willing, and hereby offers to set off and allow to the said plaintiff the full amount of the said damages according to the form of the statute in such case made and provided ; and this, he, the said defendant, is ready to verify ; wherefore he prays judgment, etc.

To which pleas of said defendant the plaintiff filed the following replications :

And now said plaintiff, as to said defendant's said second plea, says *precludi non,* because he says that at the said time when, etc., and at the place when, etc., as in said plea mentioned, the said defendant did not tender to the said plaintiff the said sum of one thousand six hundred and eighty dollars, as in and by his said plea the said defendant hath alleged.

And for a further replication in this behalf as to said defendant's said second plea, by him secondly above pleaded, said

plaintiff says *precludi non*, because he says that the said writing obligatory in said plea mentioned, was not nor is the deed of said plaintiff.

And as to said defendant's fourth plea, by him fourthly above pleaded, said plaintiff says *precludi non*, because he says that he does not owe said defendant said sum of money above in said fourth plea demanded, or any part thereof, in manner and form as said defendant hath above thereof complained.

And as to said defendant's said third plea, by him thirdly above pleaded, said plaintiff says *precludi non*, because he says that at the said time when, etc., where, etc., the said defendant did not pay to said plaintiff the said sum of three hundred and sixty-six dollars, as said defendant hath in his said third plea alleged.

And for a further replication as to said defendant's said third plea, said plaintiff says *precludi non*, because he says that the said defendant did not pay all taxes on said land between the day of the date of said bond or writing obligatory and the tenth day of October, A. D. 1857, as by the said plea is alleged.

And for a further replication as to said defendant's third plea, by him thirdly above pleaded, said plaintiff says *precludi non*, because he says that at the time when, etc., where, etc., the said defendant did not tender to said plaintiff the said sum of one thousand six hundred and eighty dollars, as said defendant hath in his said third plea alleged.

And for a further replication in this behalf as to said defendant's said third plea, by him thirdly above pleaded, said plaintiff says *precludi non*, because he says that said mortgage made and executed by said plaintiff and his wife to one Henry Shuster, at the said time when, etc., where, etc., was not a subsisting and valid lien upon the lot or tract of land in said plea mentioned, as in said plea is alleged.

And for a further replication in this behalf as to said defendant's third plea by him thirdly above pleaded, said plaintiff says *precludi non*, because he says that the said supposed writing obligatory in said plea mentioned, was not nor is the deed of him the said plaintiff.

To maintain the issues on his part, the plaintiff offered and read in evidence to the jury the promissory note, of which the following is a copy :

$1,680.                                        *Rock Island, March* 5, 1856.

On or before the 10th day of October, A. D. 1857, I promise to pay Miles W. Conway or order, at the Rock Island Bank, in the City of Rock Island, the sum of one thousand six hundred and eighty dollars, with interest, for value received.

                                        COVELL CASE.

And the plaintiff then rested his case.

Whereupon the defendant offered in evidence at said trial, the following bond, the due execution whereof by the defendant, was admitted.

Said bond bears date the 5th day of March, A. D. 1856, and is in the penal sum of $3,360, signed by the plaintiff, and subject to the following condition: Whereas the said Miles W. Conway hath this day agreed to sell to the said Covell Case the following described lot or tract of land, situate in the city and county of Rock Island, and State of Illinois, known as lot five (5), in block nine (9), in the original or old town of Stephenson, now Rock Island, on condition that the said Covell Case shall pay the said Miles W. Conway the sum of one thousand six hundred and eighty dollars, on or before the tenth day of October, A. D. 1857, at the Rock Island Bank, in the city of Rock Island, aforesaid, for which the said Covell Case hath given his promissory note.

Now the condition of this obligation is such, that if the said Covell Case shall pay said note at maturity, without any delay or defalcation, and shall in the meantime pay all taxes on said land, and the said Miles W. Conway shall, upon the completion of said payment, make, execute and deliver, or cause to be made, executed and delivered, a good and sufficient deed, with full and proper covenants of warranty, free and clear of all incumbrance, to the said Covell Case, for said lot or tract of land, then this obligation to be void, otherwise to remain in full force and virtue.

And it is expressly agreed by and between said parties, that time is material, and is made the essence of this contract, and that in the event of the non-payment of said sum of money, or any part or portion thereof, according to the terms and effects of the said Covell Case's promissory note, that then the said Miles W. Conway may elect to consider the above contract at an end, and that the said Covell Case shall be considered the tenant of the said Miles W. Conway, holding over the termination of his lease.                    M. W. CONWAY. [L. S.]

To the introduction of which said bond as evidence, the said plaintiff objected, but the court permitted said bond to be read in evidence to the jury.

Defendant called *R. W. Smith,* who testified, that he was present at the Rock Island Bank on the day when the note (offered in evidence by plaintiff) fell due; the plaintiff and defendant, and Mr. Powers, of Davenport, were also present. Powers remarked that there was a note of defendant's given to plaintiff, that fell due there that day, and which defendant had given plaintiff for the purchase of a lot in town, and added to plaintiff, " We hold your bond for a conveyance of said lot free

of incumbrance, which we are advised you cannot do." He then said : " We tender the money," and at the same time threw down a bag of money on the counter, and gold to the amount of, perhaps, one hundred dollars fell out, the bag being untied, and further adding : " We make a tender of the amount due ;" the witness, Smith, (acting for and in behalf of said plaintiff) here interposed and told him he had a deed there duly executed, which he tendered him, and would also take his money, at the same time holding out in his hand towards said Powers, a deed from said plaintiff to said defendant, of said lot, and reached for the money, but Powers grabbed the money and ran out of the bank, and witness did not get hold of it. Witness was asked if there appeared to be in the bag, containing said money, sufficient to pay said note, and replied that judging from the size of the contents of the bag, and supposing the contents to be gold, he thought there was enough. That the gold in the bag was tendered by Mr. Powers as being the amount of this note and interest, and as the amount then due on the purchase of the lot. He was not asked to count it, and no objection or doubt was expressed that it was not enough.

Said defendant then offered in evidence a deed from plaintiff to defendant, of the lot mentioned in said bond, and tendered as before mentioned by said witness (Smith), upon the occasion when said note fell due at said bank. Said deed bears date the 10th day of October, A. D. 1857—consideration, two thousand and fifty dollars—is in common form, and contains the usual covenants of a warranty deed, and is properly acknowledged by plaintiff. To the introduction of which said deed the said plaintiff objected, but the court permitted said deed to be read in evidence to the jury.

Defendant next offered in evidence the record of a mortgage deed from plaintiff to one Shuster, and which upon said record did not appear to have been discharged or canceled, the record of which deed is substantially as follows :

Dated 17th October, 1855—consideration, $1,500. Premises conveyed same as mentioned in plaintiff's bond. Condition : provided that if said Miles W. Conway, his heirs, executors or administrators, shall well and truly pay said Shuster, his heirs, administrators or assigns, the sum of fifteen hundred dollars, in two years from the date of these presents, according to the tenor and effect of his (said plaintiff's) promissory note of even date herewith, with six per cent. interest, the said bond to be void.

Said deed signed by plaintiff and acknowledged in due form.

To the introduction of which said record of deed said plaintiff objected, but the court permitted the record of said deed to be read and shown to the jury.

*James M. Brawner*, being sworn, was asked by plaintiff if he was clerk in the Rock Island Bank, to which he replied that he was. The following check was then exhibited to witness, and he was asked if the same pertained to the papers of said bank; to which he answered that it did. Said witness further stated that said printed check shown him was such as are kept by the bank for the use of its customers, and that defendant was a customer of said bank, and kept an account therein during the month of March, A. D. 1856.

Said check is in the words and figures following, to wit:

*" Rock Island, Ill., March* 5, 1856.

Rock Island Bank, pay in funds current at your counter, to Miles W. Conway or bearer, three hundred and sixty-six dollars.

$366. COVELL CASE."

R. W. Smith stated, that the signature of the drawer of said check was in the hand-writing of said Covell Case.

Brawner stated, that the custom of said bank was, when a check like the foregoing was presented and honored, to make a check-mark thereon, by perforating the same crosswise by an instrument for that purpose through or near the centre of the same, and then filing away the check so canceled as a voucher of its payment; and that the check aforesaid appeared to be so perforated, and that such perforation indicates presentation and payment.

Brawner stated that he was not a clerk in said bank at the date of said check, and could not state who the cashier and clerk were at that time, and could not state of his own knowledge whether said check was in fact paid or not.

Whereupon said check was offered in evidence, to which the plaintiff objected, but the court permitted said check to be read to the jury, to which decision the plaintiff excepted.

Whereupon said plaintiff requested the court to charge the jury as follows:

1. The check offered in evidence is not sufficiently authenticated and proven, to be regarded as evidence in this case under the issue tendered by plaintiff's third replication, whereby an issue is formed to the defendant's plea of offset.

2. The record of the mortgage from the plaintiff and his wife to Henry Shuster, offered in evidence by the defendant, is not of itself evidence that the lot mentioned in the second and third pleas of defendant was incumbered at the time the defendant was, by the terms of said bond, entitled to his deed.

3. The defendant is not entitled to prevail on his third plea, unless he has shown by his evidence, that he has paid all taxes on the lot or land mentioned in said bond, between the date of said bond and the tenth day of October, 1857.

Conway *v.* Case.

4. In order to defeat the plaintiff's right of recovery under defendant's second plea, it must appear from his evidence in support thereof, that he, the defendant, has on his part performed all the conditions and stipulations assumed by him to be performed by the terms of the bond offered in evidence by defendant, in support of his said plea.

5. The defendant is not entitled to prevail under his plea of set-off, unless he has shown by his evidence that he on his part has performed all the considerations and obligations assumed by him to be performed in and by said bond offered by him in evidence.

6. In making a tender it is necessary that the person who undertakes to make it, shall give the person to whom it is made an opportunity to count the money tendered; and if the person who makes the tender, interposes obstacles to prevent such count, and does thereby prevent such count, it vitiates such tender, and a tender under such circumstances is of no binding force in law.

7. If from the evidence in this case, the jury believe the witness, Smith, while acting as the agent of the plaintiff to receive the money due on the note offered in evidence, at the time and place the same fell due, was prevented by defendant or his agent from counting the money tendered upon that occasion, then such tender is void.

8. In order to make a valid tender, it is necessary that the full amount due should be tendered, otherwise the tender is void, and the burden of proof as to amount tendered rests upon the party pleading it.

But the court refused the instructions so asked by plaintiff, numbered one and two, respectively.

And to the refusal of said court to give said instructions, numbered one and two, as aforesaid, so asked by plaintiff, said plaintiff, at the time thereof, then and there excepted.

And for refusing to give said instructions numbered three and four, five, six and seven, as asked by said plaintiff, said plaintiff then and there at the time thereof excepted.

Said court, after modifying said plaintiff's instructions, numbered three, four, five, six and seven, respectively, instructed the jury as follows, namely:

3. The defendant is not entitled to recover on his third plea unless he has shown by his evidence that he has paid all taxes on the lot or land mentioned in said bond between the date of said bond and the tenth day of October, A. D. 1857, *or that it was admitted by plaintiff that the taxes had been paid.*

4. In order to defeat the plaintiff's right of recovery under defendant's second plea, it must appear from his evidence in support

thereof, that he, the defendant, has on his part, performed, *or offered to perform*, all the considerations and stipulations assumed by him to be performed by the terms of the bond offered in evidence by defendant in support of his plea.

5. The defendant is not entitled to prevail under his plea of set-off, unless he has shown by his evidence that he on his part has performed, *or offered to perform*, all the conditions and obligations assumed by him to be performed in and by said bond offered by him in evidence.

6. In making a tender it is necessary that the person who undertakes it shall give the person to whom it is made an opportunity to count the money tendered, *if he requests to count it;* and if the person who makes the tender, interposes obstacles to prevent such count, and does thereby prevent such count, it vitiates such tender, and a tender under such circumstances is of no binding force in law.

7. If from the evidence in this case the jury believe the witness, Smith, while acting as agent of the plaintiff to receive the money due on the note offered in evidence at the time and place the same fell due, *requested to count the money*, and was prevented by the defendant or his agent from counting the money tendered upon that occasion, then such tender is void.

And for not giving said instructions numbered one and two, and for modifying and giving instructions three, four, five, six and seven, as modified, said plaintiff then and there at the time thereof excepted.

Said defendant on his behalf asked said court to instruct the jury as follows:

1. That if they believe, from the evidence, that at the maturity of the note in suit, and at the place where it was payable, the defendant was ready with the sum of money therein mentioned, and offered to pay it to the plaintiff for a proper deed of the lot in question, free of incumbrance, and that said lot was then and there incumbered by a mortgage to Shuster, they will find for the defendant.

2. The law in this case did not require the defendant to make an absolute and unconditional tender of the money, as it would in the case of a debt absolutely due—but he had a right to withhold it and to prevent the plaintiff or his agent from getting possession of it if there was a subsisting incumbrance by mortgage on the lot. It was enough, if he had the amount there and offered to pay it, for an unincumbered title only.

3. If the jury believe, from the evidence, that the defendant, at the Rock Island Bank on the 10th day of October, 1857, had a bag containing gold coin apparently to the amount of $1,680, stated to the plaintiff that it contained that sum, (show-

ing a part of it,) and offered to pay it to plaintiff, for an unincumbered title—and further believe, that the plaintiff did not then and there object that there was not that amount, or required it to be counted or fully shown, but said he would accept it for that sum, it was a sufficient tender of $1,680, on the part of the defendant, although he did not offer to pay it unconditionally, but actually refused to let the plaintiff have it; provided the jury believe, from the evidence, that the lot in question was at the time incumbered by a mortgage from said plaintiff.

4. The only issue in dispute before the jury on the second plea of defendant, is, whether defendant tendered to the plaintiff, at the time and place where the note became due, the sum of $1,680, and if the defendant has proved that fact, he is entitled to a verdict.

5. If the jury believe, from the evidence, that the defendant or his attorney tendered and offered to pay to the plaintiff or his attorney, at any time before the bringing of this suit, the amount of the note sued on, upon condition that the plaintiff would at the same time make to him a warranty deed for lot five, block nine, O. T., Rock Island, free and clear of all incumbrance, and that said plaintiff did not and could not at that time convey an unincumbered title to said lot, the jury will find a verdict for the defendant.

6. That in this case, the defendant was not bound to pay the money on the note sued on, unless he should at the same time receive an unincumbered title to the lot in question; and if the plaintiff could not, by reason of the existence of a mortgage upon said lot, convey an unincumbered title thereto, he could not require the defendant to take a deed from him for said lot and to pay him the money therefor.

To the giving of which said instructions, so asked by said defendant, the said plaintiff, then and there and at the time said instructions were so given to the jury by said court, excepted.

Whereupon the jury, after argument of said cause by counsel for said parties respectively, and after retiring to consider of their verdict, came into court with a verdict for the defendant, assessing his damages at three hundred and sixty-six dollars.

Plaintiff thereupon filed his motion for a new trial, specifying the following causes:

1. For that the court erred in admitting evidence at the trial of said case in behalf of said defendant, which said plaintiff then and there objected to.

2. For that the court erred in refusing instructions to the jury asked for by the plaintiff at said trial.

3. For that the court refused instructions to the jury as

asked by plaintiff at said trial, and modified and altered the same, and so gave said altered instructions to the jury.

4.   For that the court gave the instructions asked for by said defendant, to the jury at the trial of said cause, which said plaintiff then and there objected to, and therein erred.

5.   Because said verdict is against law and evidence.

Plaintiff also at same time moved an arrest of judgment for the following reasons :

1.   Because the said defendant's said several pleas filed herein marked two, three and four respectively, are insufficient in law whereon to pronounce judgment upon the verdict of the jury herein.

2.   Because said pleas of said defendant, marked and numbered as aforesaid, are wholly informal and insufficient.

But the court overruled said plaintiff's said several motions for a new trial, and arrest of judgment respectively, and refused to grant a new trial of said cause, and also refused to arrest judgment herein, to which said several decisions of said court, refusing a new trial herein, as aforesaid, and refusing to arrest judgment herein, as aforesaid, said plaintiff then and there, and at the time thereof, excepted.

The court rendered judgment on said verdict, for said debt, DRURY, Judge, presiding.

BEARDSLEY & SMITH, for Plaintiff in Error.

WILKINSON & PLEASANTS, and B. C. COOK, for Defendant in Error.

BREESE, J.   The defense in this action was fully made out. There was no demand by plaintiff's agent to count the money in the bag, and no objection or doubt was expressed, that it did not contain enough.   The agent swears this, and also gives it as his belief there was sufficient coin in the bag to pay the amount due, if it was all gold, and the inference is fair, that it was all gold coin, as no other coin fell out of the bag but gold when it was thrown upon the counter.   Here was a readiness to pay the money due, fully proved, at the time and place agreed upon. At the same time there was an offer by the plaintiff to deliver the kind of deed he had covenanted to deliver—a general warranty deed, with a covenant against incumbrances.   This deed was refused by the defendant, on the alleged ground, that the property was incumbered by a mortgage of fifteen hundred dollars upon it, then subsisting in full force, and unsatisfied. Refusing the deed offered, the defendant's agent left the bank, taking with him the money.

At law, time is of the essence of a contract to convey land, and if the vendor is not able and ready to perform his part of the agreement on that day, the vendee may elect to consider the contract at an end.   The contract in this case was to convey free of incumbrances.   The proof establishes the fact, that, on the day he offered to convey and tendered the deed, there was a subsisting mortgage upon the lot to the amount of fifteen hundred dollars.   The vendor therefore was not able to perform his covenant and the vendee was not bound to receive the deed, though it did contain full covenants, for it was not the covenants for which he contracted, but for a good unincumbered estate, and this he was entitled to before he paid his money.   *Tyler* v. *Young et al.*, 2 Scam. R. 447.

But it is said, the court improperly admitted evidence of a subsisting mortgage.   The only evidence of the mortgage was the record of deeds, and to its introduction the plaintiff objected in general terms, not assigning any grounds therefor.

The record is made evidence by statute without further proof, but to use it the court can require certain preliminary proof, as that the original is lost or not in the power of the party to produce, and such proof, we apprehend, can be given orally to the court, and need not be preserved on the record unless exception be taken to it, or such proof may be waived by the opposite party.   When this record was presented, the plaintiff admitted it was the record of the mortgage.   The record in this case does not show that the requisite preliminary proof was not made before the introduction of the record of the mortgage, and we must presume, that such proof was made or waived.

It is not permitted parties to lie by, and permit evidence to be introduced without specific objections, which is competent in itself, and the objection to which is formal, and can be obviated if made, by proof, and afterwards make the introduction of such evidence ground of objection in this court.   If the plaintiff was not satisfied with the record evidence of the mortgage, he should have manifested it, in order that the party producing it, might have produced the original, or accounted for its non-production.

This precise point has been decided by this court in the case of *Russell* v. *Whiteside*, 4 Scam. R. 11.   The court say : " In the absence of the contrary statement in the bill of exceptions, we are to presume that proof of the hand-writing and official character of the register was made before the admission of the certificates in evidence.   Nor do we perceive that the court erred in permitting the certified copy of the deed from Jackaway to be read in evidence, etc.   It does not appear that any question was made in the court below, as to the loss of the original deed, or the inability of the plaintiff to produce it; and we are to

conclude that this was either admitted by the defendant, or proved by the plaintiff." See also *Gilham* v. *State Bank*, 2 Scam. R. 247, and *Harmon et al.* v. *Thornton*, ib. 355.

This decision is not at all in conflict with that of *Roberts* v. *Haskell*, 20 Ill. R. 59. In that case there was an effort to supply the preliminary proof, which we deemed insufficient.

The set-off was properly claimed. The advance payment made by the defendant for the lot could be recovered in this manner. There was the most persuasive evidence presented to the jury, that the check given for it, had been cashed by the plaintiff at the bank. He has no right to retain it, the contract being forfeited by his own act.

The judgment of the court below is affirmed.

*Judgment affirmed.*