THOMAS J. BUNTAIN, Plaintiff in Error, *v.* COLLUM H. BAILEY, Defendant in Error.

ERROR TO EDGAR.

A general objection to the introduction of an instrument as evidence, is not sufficient; if it is obnoxious to a special objection, that objection must be stated in the court below.

| 27 | 409 |
| 28a | 153 |
| 27 | 409 |
| 38a | 346 |
| 27 | 409 |
| 49a | 621 |
| 27 | 409 |
| 186 | 1438 |
| 27 | 409 |
| 187 | 1279 |
| 27 | 409 |
| 202 | 133 |

THIS case originated in a suit instituted before an acting justice of the peace in the county of Edgar, which resulted in a judgment in favor of said Bailey, and against the defendant Buntain, and was removed by Buntain into the Edgar Circuit Court, by appeal.

At the October term, 1860, this cause was tried before HAR-LAN, Judge, without the intervention of a jury. The record shows, that on this trial, Buntain objected to the admission of transcript and certificates thereon of the proceedings had before Lambert Duy, Esq., claiming to act as a justice of the peace, in and for Harrison township, Vigo county, Indiana, on which suit was brought in evidence before the court, and the transcript as certified admitted by the court.

The bill of exceptions shows that the cause was submitted to the court for trial; that plaintiff offered in evidence a transcript of the proceedings had in Harrison township, county of Vigo, and State of Indiana, before one Lambert Duy, claiming to act as a justice of the peace in and for said township. The transcript is set out at length, and purports to show judgment in favor of plaintiff Bailey, against defendant Buntain. The first certificate appended to transcript is that of the said Lambert Duy, signing the same as justice of the

27

peace, without any seal, public or private, affixed. Then follows what purports to be a certificate of Andrew Wilkins, clerk of the Circuit Court of Vigo county, as follows :

" STATE OF INDIANA, } ss.
  VIGO COUNTY.

" I, Andrew Wilkins, clerk of the Circuit Court in and for the county and State aforesaid, do hereby certify, that Lambert Duy, Esq., before whom the annexed judgment appears to have been rendered, was, at the time of rendering such judgment, an acting justice of the peace in and for said county, and duly authorized by law to render the same, and am acquainted with his signature, and believe the annexed signature, purporting to be his, to be genuine. Witness my hand and the seal of said court, this 17th day of May, A. D. 1860.
                              " ANDREW WILKINS, Clerk."

Then follows the certificate of Solomon Claypool, as sole judge of the Vigo Circuit Court, as to the official character and certificate of the clerk. The bill of exceptions further shows the defendant's objection to the introduction in evidence of said pretended transcript, the overruling of the objection by the court, and admission of transcript in evidence, that such transcript was all the evidence in the cause, and that the circuit judge rendered a judgment of affirmance of the judgment of the justice of the peace of Edgar county, for $65.26, and that the defendant, by his counsel, excepted, as well to the overruling of said objection, as to the admission of the transcript in evidence, and to the rendition of the judgment by the court.

C. H. CONSTABLE, for Plaintiff in Error.

S. P. READ, for Defendant in Error.

BREESE, J. This court has so frequently decided that general objections to the instrument of evidence will not be entertained, that it is unnecessary, in this case, to do more than refer to the decisions. To go no further back, the case of *Sargeant* v. *Kellogg et al.*, 5 Gilm. 281, is understood to hold, that a general objection to the introduction of a certain instrument of evidence simply raises the question of its relevancy. But if it is obnoxious to a special objection, that objection must be stated. When various objections may be made to evidence, some of which may be removed by other proof, the party making the objection ought to point out specifically those he insists on, and thereby put the adverse party on his guard,

and afford him an opportunity to obviate them. He ought not to be permitted, after interposing a general objection, to insist on particular objections in this court, which, if even suggested in the court below, might have been instantly removed.

The transcript when offered in evidence was objected to, without specifying any particular grounds. Under the authority of the case of *Frazer* v. *McKee*, 1 Scam. 558, it would seem to be liable to but one objection, which, if pointed out on the trial, might have been removed, that is, the jurisdiction of the justice of the peace in the State of Indiana. Had that been the objection, it was quite easy to remove it, by producing the law of Indiana conferring the jurisdiction, and also, that the same law authorized the clerk to certify as to the official character.

To the same effect are the cases of *Peoria and Oquawka R. R. Co.* v. *Neill*, 16 Ill. 269; *Swift et al.* v. *Whitney*, 20 Ill. 144; *Conway* v. *Case*, 22 Ill. 127; *Funk* v. *Staats*, 24 Ill. 633.

The judgment must be affirmed.

*Judgment affirmed.*