## GEORGE GROOM
### v.
### ROBERT PARABLES.

*Criminal Conversation—Damages—Evidence—Jurisdiction.*

1.   In an action to recover damages for criminal conversation with the plaintiff's wife, the marriage may be proved by a copy of the record thereof in a parish register.

2.   A general objection to the introduction of a copy of a record does not raise the question of its secondary character, or as to its authentication, but only the question of its competency.

3.   In the case presented. it is *held:*  That the refusal to allow the wife to testify was proper; and that the verdict for the plaintiff is supported by the evidence.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Carroll County; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. J. M. HUNTER, for appellant.

Messrs. HENRY MACKAY and GEORGE L. HOFFMAN, for appellee.

LACEY, P. J.   This was an action on the case commenced by the appellee against the appellant to recover damage for criminal conversation with appellee's wife.   There was a trial and verdict and judgment for the latter in the sum of $711, from which judgment this appeal is taken.

It is complained that the evidence fails to support the verdict; that the proof of marriage was not legally made, and that appellee's instructions were erroneous.   We fail to find any force in any of the objections.   The fact as to the act of criminal conversation with appellee's wife is well supported by the evidence, and we do not feel at liberty to interfere with the judgment for the reason that there was not sufficient evidence.   This we state generally; for it is not necessary to go into a detailed examination of the evidence.   The proof of marriage is sufficiently made.   A copy of the parish register in London, England, was properly introduced—it is true against the objection of the appellant—but the objection was only general and not special, and only reached to the competency of the evidence.   Such general objections do not raise the question as to the secondary character of the evidence, such as being a copy, nor does it raise the question as to its authentication.   Buntain v. Bailey, 27 Ill. 409.   It need not be shown by the proof in the first instance that the marriage was in accordance with the laws of England; such fact will be presumed at least *prima facie*, from the fact alone of the marriage.   Hutchins v. Kimball, 31 Mich. 126.

Besides the above evidence, appellee testified on the trial to the fact of the marriage; the complaint that the wife of appellee was not allowed to testify has no force.   She was not a competent witness at common law, and she had not been made so by statute.   Crose v. Rutledge, 81 Ill. 266.

Objection is made to appellee's 1st, 2d, 3d, 4th, 6th, 8th and 9th instructions, but a careful examination of them shows us

that they are not objectionable and are in the main correct. The instructions as a whole seem to be fair and full, and neither party has any right to complain of them.

Finding no error in the record the judgment of the court below is affirmed.

*Judgment affirmed.*