THE CHICAGO AND EASTERN ILLINOIS RAILROAD CO.

*v.*

ISABELLA I. WALLACE.

*Opinion filed April 24, 1903.*

1. EVIDENCE—*when general objection is insufficient.* A general objection to a question asked of a witness is not sufficient if the cause of the objection is one which could be obviated in case it were specified.

2. SAME—*when hypothetical question is not improper.* A hypothetical question to an expert witness is not improper simply because it includes only a part of the facts in evidence, provided the evidence tends to establish such facts as are embodied in the question.

3. SAME—*jury must decide whether facts stated in hypothetical question are proved.* Whether the facts stated in a hypothetical question are sufficiently established by the proof is a question for the jury.

4. SAME—*proper practice where hypothetical question omits facts.* If a party believes that his opponent's hypothetical question omits facts which he claims to have been proven and which may have a bearing upon the opinion of the witness, he should call the attention of the witness to such omitted facts on cross-examination.

5. PLEADING—*when amended count does not allege new case—limitations.* If the original declaration charges that while plaintiff was in the act of alighting from defendant's train defendant negligently caused such train to be started, etc., an amended count adding that the train was so started before plaintiff "had been allowed a reasonable time to alight" states no new cause of action.

*C. & E. I. R. R. Co.* v. *Wallace*, 104 Ill. App. 55, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. Tuthill, Judge, presiding.

This is an action, brought by appellee against the appellant company to recover damages for personal injury. The injury is alleged to have occurred on the morning of September 4, 1894, at which time plaintiff took passage on one of defendant's suburban passenger trains at Chicago Heights to go to Englewood, or the Sixty-third street station, in Chicago; and, while alighting from the train at Englewood, she fell to the depot platform because of the sudden starting of the train while she was getting off, and received the injuries complained of. The case was tried twice in the circuit court of Cook county. The first trial resulted in verdict and judgment in favor of the plaintiff, and was appealed to the Appellate Court, where the judgment was reversed and the cause was remanded for new trial. (*Chicago and Eastern Illinois Railroad Co.* v. *Wallace*, 85 Ill. App. 606).

The original declaration, which was filed on May 3, 1895, contained one count, and averred that, "while the plaintiff, with all due care and diligence, was in the act of alighting therefrom, the defendant carelessly and negligently caused the said train to be suddenly and violently started and moved, and thereby the plaintiff was then and there thrown violently to the ground or platform of the depot of said station, and received severe injuries," etc.

On October 19, 1900, two additional counts were filed to the declaration. These two counts, so far as the point involved is concerned, were substantially the same. In the first additional count, between the words, "while the plaintiff was in the act of alighting," and the words, "the defendant carelessly and negligently caused said train to be started and moved," the following words were in-

serted: "and before she had been allowed a reasonable time to alight." The first additional count therefore alleged as follows: "While the plaintiff, with all due care and diligence, was in the act of alighting therefrom, and, before she had been allowed a reasonable time to alight, the defendant carelessly and negligently caused the said train to be started and moved, and thereby the plaintiff was then and there thrown violently to the ground, or platform of the depot, at said station and received severe injuries," etc.

The plea of the Statute of Limitations was filed to the first additional count, and the plea of the general issue to the other counts. Appellee, plaintiff below, demurred to the plea of the Statute of Limitations, and the demurrer was sustained, and appellant, defendant below, elected to stand by its plea.

The second trial also resulted in verdict and judgment in favor of appellee. This judgment of the circuit court has been affirmed by the Appellate Court, and the present appeal is prosecuted from such judgment of affirmance.

W. H. LYFORD, (ALBERT M. CROSS, of counsel,) for appellant.

SAMSON & WILCOX, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

Counsel for the appellant company urge only two points upon our attention as reasons for asking the reversal of the judgment of the Appellate Court. These two points are, first, that the trial court erred in refusing to sustain objections, made by appellant to certain hypothetical questions asked of expert witnesses testifying in behalf of appellee upon the trial below; and, second, that the court below erred in sustaining the de-

murrer to the plea of the Statute of Limitations, which was filed to the first additional count.

*First*—Objection is made to hypothetical questions put by counsel of appellee to expert witnesses, upon the ground that such questions did not embrace all the material facts, which the evidence tended to prove.

The evidence on the part of the appellee, plaintiff below, tended to show that the health of the appellee was impaired by the injury which she received, and that certain physical disorders manifested themselves as the results of her injuries. There was also evidence, drawn out from some of the expert witnesses, to the effect that in certain cases some of the disorders, from which appellee suffered, might be caused, in the case of women, by childbirth, miscarriage, change of life, and sedentary habits. The objection to the hypothetical questions is that they did not embody such of the proof as related to such childbirth, miscarriage, change of life and sedentary habits. While the proof showed that appellee had borne children, yet it showed that her youngest child had grown to manhood before her injury. While some of the proof also showed that appellee had had a miscarriage, yet this miscarriage had occurred fifteen years before the present accident took place. The evidence is not clear that appellee was undergoing the change of life, which comes to women at a certain age, or that her habits were altogether sedentary. But however this may be, the evidence tended to show that she had been in good health, and free from any disorder from any of these causes prior to the injury, resulting to her physical system from the fall referred to in the declaration. Upon reference to the abstract, it does not appear that, upon the trial below, appellant's counsel made any objection to the hypothetical questions here complained of, except a general objection. It is a well settled rule in this State, that a general objection to a question asked of a witness is not sufficient, where the defect is one that could be

obviated in case a specific objection were made. In *Stone v. Great Western Oil Co.* 41 Ill. 85, we said (p. 94): "It has been so often held by this court, that objection to evidence must be specific, that it has become the doctrine of this court. The rule is, that the party, making the objections, must point out specifically those insisted on, and thereby put the adverse party on his guard and afford him an opportunity to obviate them." (See also *Buntain* v. *Bailey*, 27 Ill. 409; *Gillespie* v. *Smith*, 29 id. 473; *Wilson* v. *King*, 83 id. 232; *Chicago and Eastern Railroad Co.* v. *Holland*, 122 id. 461; *Benefield* v. *Albert*, 132 id. 665; *Schott* v. *Youree*, 142 id. 233.) The rule, that objection to a question should be specific and not general, has been held to apply to such hypothetical questions as are here under consideration. (Rogers on Expert Testimony,—2d ed.— sec. 27; *Barber's Appeal*, 63 Conn. 393.)

But, independently of the question whether the objections were too general, we are of the opinion that the questions were not defective for the reason insisted upon by counsel for appellant.

It seems to be now generally settled by the great weight of authority, that a hypothetical question, addressed to an expert witness, is not improper, simply because it includes only a part of the facts in evidence, provided the testimony tends to establish such facts as are embodied in the question. (Rogers on Expert Testimony,—2d ed.—sec. 27). This precise point has been decided by this court in *Howard* v. *People*, 185 Ill. 552, where we said (p. 560): "There was evidence tending to prove each of the facts stated in the hypothetical questions upon which the opinions of witnesses were asked, and that was all that was necessary. (Thompson on Trials, sec. 604, *et seq.*) Whether the facts, stated in a hypothetical question, are sufficiently established by the proof is to be decided by the jury. 'The fact, that a question is a hypothetical one, implies that the truth of some statement of facts is assumed for a particular purpose, and,

if such a question could be based upon undisputed facts alone, it would never be asked in any case where an issue of fact arose.' (Underhill on Evidence, p. 272.) To require the court to determine in advance that questions so put embraced all the facts would be to take from the jury the weight to be given to the evidence." The ruling of the *Howard case* upon this subject was subsequently referred to and adopted in *Chicago and Alton Railroad Co.* v. *Harrington,* 192 Ill. 9, where it was said: "A hypothetical question may be put to a witness, if there is evidence tending to prove the facts stated in the question."

The rule, that a hypothetical question is not improper because it includes only a part of the facts in evidence, is sustained by the decisions in other States, as well as those in Illinois.

In *Cole* v. *Fall Brook Coal Co.* 159 N. Y. 68, it was said: "In framing a hypothetical question, counsel may base it upon the hypothesis of the truth of all the evidence, or upon a hypothesis especially framed on certain facts assumed to be proved for the purpose of the inquiry. The question is not improper simply because it includes only a part of the facts in evidence. (*Stearns* v. *Field,* 90 N. Y. 640). If framed upon the assumption of certain facts, counsel may assume the facts in accordance with his theory of them, it not being essential that he should state the facts as they actually exist, provided there is proof sustaining those, upon which the question is based. * * * He may assume any state of facts which there is evidence to prove, and have the opinion of the expert upon the facts assumed."

The question is ably discussed in the case of *Goodwin* v. *State,* 96 Ind. 574, where it is said: "If the court were required to determine whether the hypothetical question correctly stated all the facts, it would be compelled to usurp the functions of the jury. If the court were required to determine whether all the facts were stated, it would be compelled to wrest from the jury the right to

determine the credibility of witnesses. If the hypothetical question were required to embrace all the facts, then there would be an end to all certainty in trials, for confusion and endless wrangling must inevitably flow from such a rule."

The rule is thus stated in 8 Encyclopedia of Pleading and Practice, (pp. 755, 757): "Hypothetical questions to an expert witness may be framed either upon all the facts in the case, or upon any part of the facts assumed to be true, which is sufficient in itself.  *  *  *  A hypothetical question may be based upon any assumption of facts which the testimony tends to prove, according to the theory of the examining counsel."

In *People* v. *Durrant*, 116 Cal. 216, the court say: "A hypothetical question need not embrace all the facts in evidence.  *  *  *  It must be based upon facts in evidence, but may be addressed to any reasonable theory which may be taken of them." (See also *Filer* v. *New York Central Railroad Co.* 49 N. Y. 46). It is said in some of the authorities that, where such a hypothetical question does not embrace all the facts, the opposing counsel can on cross-examination ascertain from the witness, whether such omitted facts would in anywise modify or change the opinion of the witness. Thus, in *Stearns* v. *Field*, 90 N. Y. 640, the court say: "It is now argued by the appellant that the question is defective in that it did not state enough.  *  *  *  If, in the opinion of the counsel, there was evidence other than that supposed proper for the witness to consider, his attention should have been called to it upon cross-examination. Such a question is not improper because it includes only a part of the facts in evidence."

So, in the case at bar, if the hypothetical questions, addressed by counsel for the appellee to the expert witnesses, omitted facts claimed by appellant to have been proven, and if the appellant believed that such omitted facts,—as for instance those relating to childbirth, mis-

carriage, change of life or sedentary habits,—might have had a bearing upon the opinions of the witnesses, counsel for appellant should have called the attention of the witnesses to such omitted matters upon cross-examination.

*Second*—The next reason, presented by counsel for appellant for the reversal of the judgment, is that the court below erred in sustaining the demurrer to the plea of the Statute of Limitations. Whether this ruling of the trial court was correct or not depends upon the further question, whether or not the additional counts of the declaration set up a new cause of action, or merely set up in a new form the old cause of action, as embodied in the original declaration. The original count of the declaration is as follows: "While the plaintiff, with all due care and diligence, was in the act of alighting therefrom (from the train,) the defendant carelessly and negligently caused the said train to be suddenly and violently started and moved, and thereby the plaintiff was then and there thrown violently to the ground or platform," etc. The additional counts alleged as follows: "While the plaintiff, with all due care and diligence, was in the act of alighting therefrom (from the train) and before she had been allowed a reasonable time to alight, the defendant carelessly and negligently caused the said train to be started and moved," etc. The contention is that, by the insertion of the words, "and before she had been allowed a reasonable time to alight," in the additional counts, a new cause of action was thereby stated. We are unable to agree with counsel in this contention. As is well said by the Appellate Court in their opinion deciding this case: "We think it very clear that a new cause of action is not stated in the additional count, and that the demurrer to the plea was properly sustained. If appellant carelessly and negligently caused the train to be suddenly started, while the plaintiff was alighting therefrom, as averred in the original declaration, then the defendant did not allow her a reasonable time to alight from the train,

as averred in the additional counts. The negligence, averred in the latter counts, could have been proved under the original count.—*Chicago General Railway Co.* v. *Carroll*, 189 Ill. 273; *Illinois Central Railroad Co.* v. *Souders*, 178 id. 585." In the case of *Illinois Central Railroad Co.* v. *Souders*, *supra*, the facts were similar to, if not the same as, the facts in the case at bar. There it was said (p. 588): "The original declaration was filed July 5, 1894, and consisted of a single count, in which the negligence charged was, that upon the arrival of the train in which plaintiff was a passenger at Cheltenham Beach, while she, with all due care and diligence, was about to alight therefrom, defendant caused it to be suddenly and violently started and moved, throwing her upon the ground and causing her injury.  *  *  *  After the lapse of more than two years from the time of the injury three additional counts were filed. To these additional counts a plea of the general issue was filed, and also a plea of the Statute of Limitations. The court sustained a demurrer to the plea of the Statute of Limitations, and the defendant stood by the plea. This action of the court is assigned as error. The additional counts each state the same occurrence and the same injury as the original declaration, and charge in each instance, in somewhat variant language, as the proximate cause of the injury, the negligent starting of the train when plaintiff, with due care, was about to alight therefrom, before a reasonable or sufficient time had elapsed for that purpose. They all state the same cause of action;" and it was there held that the allegation in the additional counts could not "be regarded as the statement of a new cause of action, but rather as a fuller statement of the situation, and we think there was no error in sustaining the demurrer."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*