## Lake Erie & Western R. R. Co. v. David D. Delong.

1. EVIDENCE—*Upon Which a Motion to Direct a Verdict for the Defendant is Properly Refused.*—Evidence showing that plaintiff was riding on a ticket purchased at defendant's ticket office and at the time of the collision was a passenger on the train of defendant which was being operated over its railroad, is *prima facie* proof that the train

was being operated by and in charge of the servants of defendant, and upon such evidence a peremptory instruction to the jury to return a verdict finding the defendant not guilty, for the reason that there was no evidence in the record that the servants of the defendant had charge of the train upon which plaintiff was a passenger when injured, is properly refused.

2. SAME—*Witness Need Not be Expert to Testify as to a Person's State of Health.*—A witness need not be a scientific expert in matters relating to human anatomy in order to be competent to testify as to a person's state of health.

3. SAME—*When a Hypothetical Question is Properly Allowed.*— When there is any evidence tending to establish a fact, a party has a right to base a hypothetical question upon such evidence, regardless of the preponderance of evidence upon the question.

4. INSTRUCTIONS—*Properly Refused When Argumentative.*—An instruction which is argumentative is properly refused.

5. SAME—*Where Point Sought to be Presented is Covered by Other Instructions.*—An instruction is properly refused when the point sought to be presented is sufficiently covered by others given.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed August 28, 1903.

JOHN E. POLLOCK, attorney for appellant; JOHN B. COCKRUM, of counsel.

JAMES C. HOOD, attorney for appellee; R. L. FLEMING, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This was an action brought by appellee against appellant to recover damages for injuries alleged to have been sustained by him while a passenger on appellant's railroad. On August 18, 1902, appellee was traveling on the Lake Erie & Western Railroad, going west. When near Bluffton, Ohio, at the crossing of the Northern Ohio Railroad, the train ran into a locomotive engine on the crossing. The car in which appellee was riding was crowded beyond its seating capacity and he was standing near the door of the car, facing the rear of the train. When the collision occurred, he was thrown violently backward, striking the

back of his head on the floor of the car, and rendered unconscious. One of his ribs was partially fractured and he sustained two contusions, one between the shoulder blades and spinal column and the other near the spinal column opposite the fourth lumbar vertebra. He also sustained a severe nervous shock. A trial resulted in a judgment in his favor for $5,000, from which the defendant appeals. At the close of all the evidence, appellant asked the court to peremptorily instruct the jury to return a verdict finding the defendant not guilty, for the reason, as alleged, that there was no evidence in the record that the servants of the defendant had charge of the train upon which plaintiff was a passenger when injured. The court refused to give the instruction, and such refusal is assigned as error. We think the contention is without merit. The evidence shows that appellee was riding on a ticket purchased at appellant's office at Rawson, and at the time of the collision was a passenger on a train of appellant, which was being operated over its railroad. This was *prima facie* proof that the train was being operated by and in charge of the servants of appellant. The peremptory instruction was therefore properly refused.

One Bannister, an architect, called as a witness by appellee, was permitted to testify on the trial, that he had seen appellant at least once a week for several years prior to the accident. He was then asked, over the objection of appellant's counsel, "How did he appear as to his condition of health?" The witness answered, "At all times prior to the accident, in good health; robust and very active; extraordinarily active for a minister." Counsel for appellant then moved to strike out the answer as incompetent for the reason that witness was not a physician. The motion was overruled, and the ruling of the court is here assigned as error. A sufficient answer to appellant's contention, is, we think, to be found in the opinion of the Supreme Court in the case of Chicago City Ry. Co. v. Van Vleck, 143 Ill. 485, in which case the health of the plaintiff for ten years preceding the accident was an issue. The court said:

" In that connection many of the relatives, neighbors and acquaintances of appellee testified in regard to her state of health, hearing, eyesight, ability to work and walk, and use her arms and legs naturally and without trouble during the intervening ten years. Appellant objected to all this kind of testimony, and now insists that said witnesses were incompetent to testify in regard to such matters because they were not experts, physicians and surgeons. We think the objection is without merit, and untenable. We do not see why persons who were familiarly associated with appellee and came in frequent contact with her, were not capable of knowing whether she was in good health or bad health, whether her hearing was bad or good, and acute or otherwise, whether her eye-sight was defective or not, even though such persons were not scientific experts in matters relating to human anatomy. In our opinion they were competent to testify to what they knew from their own personal observation."

The motion to exclude the answer was properly overruled.

Counsel for appellee was, on cross-examination of Dr. Jamison, an expert witness called by appellee, permitted to ask the witness a hypothetical question which assumed, among other facts, that prior to his injuries, appellee was a healthy, vigorous man. Appellant insists that this was error for the reason that the assumption was not based upon the evidence, and therefore misled the jury. The testimony of the witnesses VanVelsor and Oder, and that of Bannister, above quoted, tended to establish the fact that appellee, prior to the accident, was a vigorous, healthy man.

" When there is any evidence tending to establish a fact, a party has a right to base a hypothetical question upon such evidence, regardless of the preponderance of evidence upon the subject." Howard v. People, 185 Ill. 552; R. R. Co. v. Harrington, 192 Ill. 9; R. R. Co. v. Wallace, 202 Ill. 129.

We are of the opinion that the question was not subject to the objection interposed.

Appellant complains of the refusal of the following instructions offered by it :

" The court instructs the jury, that the burden of proof

is upon the plaintiff to show that his condition at the present time is the result of the accident, and if you believe from the testimony and all the circumstances proven in the case, that very little, if any, of the injuries complained of at the present time, are the result of the accident, then in such case you will only allow the plaintiff for the actual damages sustained."

We think the instruction was properly refused, for the reason it is argumentative and the further reason that the point sought to be presented was sufficiently covered by appellant's first given instruction, which is as follows:

" The court instructs the jury that in assessing the damages for the plaintiff in this case, you have no right to assess the damages at any larger sum than the plaintiff has actually sustained; and in assessing such damages, you will be limited to the injuries, if any, resulting from the accident."

It is further contended that the damages awarded are excessive.    The evidence, on the part of the appellee, tends to show that he was at the time of the accident fifty-six years of age.    He had for many years been steadily engaged in church, educational and mission work, and had led an active, busy life.    He had been at one time president of a college for eleven years, in which capacity he received a salary of $1,800 per year.    For about six years prior to the accident, he had been the pastor of the "Fellowship Congregational Church" of Chicago, Illinois.    He drew no regular salary, but accepted what the members of his congregation saw fit to contribute to him.    As he expressed it, he "took the position that the gospel could maintain itself, as it did in apostolic times, among any people, and came to this position to prove it."    The last year before the accident, he received from contributions, wedding fees, etc., about $1,500, and the year before between $1,200 and $1,500. The evidence also tended to show that he was in appearance a healthy, vigorous person.    During his services in the war of the Rebellion he contracted camp diarrhoea, which finally resulted in a stricture of the transverse colon, necessitating the daily use of a syringe to cause a passage of his bowels.

He was receiving a pension of $6 per month from the United States government, granted to him on account of his bowel trouble.

He testified, however, that this ailment had never caused him any serious trouble or interfered with the performance of his work. That about two years prior to the accident, he had an attack of lumbago lasting two or three days, but that he had never been confined to his bed by reason of any illness or ailment. The evidence further tended to show that while the external evidences of his injuries disappeared shortly after the accident, there had since developed a lack of co-ordination in his lower extremities, that his vision had been affected and that he suffered from pains in the head, all of which symptoms, in the opinion of appellee's expert witnesses, indicate that the appellee is suffering from what is termed in medical parlance, *traumatic neurasthenia,* which several of the physicians testify, frequently results in dementia, or abscess of the brain.

The evidence further shows that since the accident, he has been unable to perform any labor whatever, that he has constantly suffered pain, and that his condition had not improved up to the time of the trial. The jury undoubtedly found that his condition is due solely to the accident and that it is permanent. If it be permanent, we can not say that the damages are excessive.

We find no reversible error in the record, and the judgment will be affirmed.