SKOWHEGAN BANK *versus* WILLIAM G. CUTLER.

In an action, brought on the statute, for aiding a debtor in the fraudulent transfer of certain property, an amendment will not be allowed of an additional count alleging a fraudulent transfer of other property under which the damages claimed were not in any part embraced in the first count.

The taking of a negotiable promissory note by the debtor, in settlement of a debt due him on account, even if done to prevent its attachment upon trustee process, is not a "transfer" within the meaning of that statute.

Nor would a transfer of the note, by indorsement, render the indorsee liable; for the note could not be attached, or sold on execution.

Where the name of a party was inserted in a transfer, as vendee, without his knowledge, if he afterwards ratified it, by accepting it, the transfer, until then inoperative, was perfected; and, if fraudulent, he is liable.

No transfer of a share of the capital stock of a bank will secure it from attachment, until it is entered on the books of the corporation "showing the names of the parties, the number of shares and the date of the transfer," according to sec. 11, c. 46 of R. S.

To hold the transferee liable under the statute, there must be proof that the transfer was thus recorded.

But this cannot be shown by the verbal statement of the cashier, if objected to; his testimony that "he made the transfer on the books of the bank" is inadmissible.

In order to bring any case within the statute, the sale should not only be consummated so as to be valid between the parties, but it should be so made as to be valid against all persons, except on the ground of fraud.

ON EXCEPTIONS, by defendant, to the ruling of GOODE-NOW, J.

The case was argued by

*J. Crosby*, in support of the exceptions, and by

*Coburn & Wyman, contra.*

The facts in the case are stated, or sufficiently indicated, in the opinion of the Court, which was drawn up by

DAVIS, J.—This is a special action on the CASE, charging the defendant with aiding and assisting his father, Lysander Cutler, in fraudulently transferring certain property to secure it from his creditors. The plaintiffs are creditors of

Lysander Cutler to the amount of several thousand dollars, and bring their suit under c. 148, § 49 of the R. S. of 1841; R. S., 1857, c. 113, § 47.

The writ originally contained but one count, alleging such transfer of six shares of the capital stock in the People's Bank to the defendant. Afterwards, on motion of the plaintiffs, and against the objection of the defendant, the writ was amended by adding another count, alleging that A. & P. Coburn were indebted to Farrar & Cutler, of which firm Lysander Cutler was a partner, in the sum of $585,68, upon account; that said Farrar & Cutler were indebted to the plaintiffs in the sum of $1200; and that said Lysander Cutler fraudulently procured a promissory note of said A. & P. Coburn for the amount due from them, and then fraudulently transferred said note by indorsement to the defendant to secure said debt from his creditors, whereby the defendant became liable to them for double the amount, being $1171,36.

The additional count is obviously for a new and entirely distinct cause of action, as much as a count for a different note in assumpsit, or for a different parcel of land in a writ of entry. It had no connection with the previous count. The damages claimed under it were in no part embraced in the first count. Such an amendment could not properly be allowed.

But the new count is clearly defective. Assuming that the fraudulent assignment of an account would be a transfer of property within the meaning of the statute, which is not admitted, Lysander Cutler had a right to take a negotiable promissory note for the debt due the firm; and, even if it was done to prevent its attachment upon trustee process, it was no "transfer" of property. Such note, when taken, could not be attached, or seized on execution; and a transfer of it by indorsement would not render the indorsee liable under this statute, however otherwise liable.

The new count, moreover, does not allege that the defendant aided or assisted in the transfer, or in any way par-

Skowhegan Bank *v.* Cutler.

ticipated in the supposed fraud. For this, or for some other reason, the plaintiffs withdrew all claim under it before the case was submitted to the jury. The presiding Judge instructed the jury to disregard all testimony relating to it; and it appears from their verdict that they did so. The defendant not having been injured by the amendment, cannot claim a new trial because it was allowed.

In regard to the transfer of the bank stock, the plaintiffs introduced the certificates of Lysander Cutler's title, with his transfer thereof to the defendant upon the back of each. The defendant was a witness in his own behalf, and admitted the transfer to himself; but he denied that he had any knowledge of it until several days afterwards. It is argued, therefore, that he could not have aided or assisted in making it. But no transfer was perfected until the defendant accepted it, and thus ratified it. That he did this, he admits. This was aiding and assisting therein, and rendered him liable, if it was done fraudulently, as much as if he had participated in the transfer at its inception.

No transfer of such stock will secure it from attachment, until it is entered on the books of the corporation, "showing the names of the parties, the number of the shares, and the date of the transfer." R. S., 1841, c. 76, § 12; R. S., 1857, c. 46, § 11. The plaintiffs undertook to show that the transfer to the defendant was so entered on the books of the People's Bank. For this purpose, they offered the deposition of Sumner Percival, the Cashier, not taken upon written interrogatories, in which he testified that he "made the transfer on the books of the Bank." The defendant objected to the admission of this portion of the deposition, contending that the only proper evidence would be the books. But the presiding Judge admitted it, and ruled that it was legal evidence of the transfer, without the production of the books, sufficient for the consideration of the jury. The record of the transfer could not thus properly be proved by parol testimony. The verbal statement of the cashier was inadmissible; and, if it was incumbent on the plaintiffs to

prove that the transfer was recorded on the books of the Bank, in order to maintain their action, a new trial must be granted.

It cannot be necessary, in order to give creditors a right of action against a fraudulent vendee, that the sale should place the property beyond their reach. A fraudulent transfer, however perfect in form, is void as to them; and they may attach the property, or seize it on execution. A transfer recorded is no more valid against them than if not recorded, while the fraudulent purchaser holds the property.

But if, instead of seizing the property, they sue the fraudulent vendee, under the statute, they must prove a transfer. If the property consists of shares in a corporation, of which there can be no manual possession or delivery, they must prove a transfer in writing. And the vendee is not liable until such transfer is consummated, at least so as to be binding upon the parties to it. Need it be more? Would a deed of land, duly executed and delivered, but not recorded, render a fraudulent grantee liable to such an action?

In order to bring any case within the statute, we think, the sale should not only be consummated so as to be valid between the parties, but that it should be so made as to be valid against all persons, *except on the ground of fraud.* A transfer of bank stock is not thus valid, until recorded. Until that is done, a creditor may attach it, without alleging or proving fraud. Unless the transfer is recorded, therefore, he cannot be injured by it. There being no legal evidence in this case that the transfer was entered on the books of the bank, and parol evidence of that fact having been improperly admitted, the verdict must be set aside, and a new trial granted.

TENNEY, C. J., RICE, MAY and KENT, JJ,, concurred.