STANLEY *v.* ANDERSON.

1. Pleading—Amendment of Declaration—New Cause of Action.

  The amendment of a declaration in an action on a contract by inserting more specific allegations in relation to the breach relied upon is not open to the objection that it introduces a new cause of action, which is barred by the statute of limitations.

2. Secondary Evidence—Lost Instrument.

  Evidence that a contract was filed with a justice of the peace at the time of commencement of suit thereon, that the justice has been dead several years, and that the custodian of his docket, who is a successor in office, as well as plaintiff's counsel in the case, have been unable, after search, to find it, renders a copy of the contract admissible.

3. Justices' Courts—Appeal—Jurisdiction—Interest on Judgment.

  While, upon appeal from a justice's judgment, the circuit court is limited to the jurisdiction of the justice so far as the amount of the original claim is concerned, interest from the date of such judgment is recoverable, and this without amending the *ad damnum* clause.

4. DEBTOR AND CREDITOR—CONTRACT—DEMAND—PAYMENT.

An agreement to pay a specified amount at a given time and place in goods is not forfeited by a failure to demand payment at the precise time and place, but the debtor must hold himself in readiness to make the payment when demanded.

Error to Newaygo; Palmer, J. Submitted December 4, 1895. Decided December 10, 1895.

*Assumpsit* by John Stanley against William A. Anderson for the breach of a contract to deliver lumber in payment of a debt. Plaintiff had judgment in justice's court, and an appeal was taken to the circuit, where judgment was again rendered against defendant, and also against Job T. Reynolds and John Cole, as sureties on his appeal bond. Defendants bring error. Judgment modified and affirmed.

*W. D. Fuller (A. F. Tibbitts,* of counsel), for appellants.

*E. L. Gray,* for appellee.

HOOKER, J. Stanley recovered a judgment for $300 damages and $5.26 costs, in justice's court, on July 22, 1875, against Anderson, who thereupon appealed to the circuit court. Defendants Cole and Reynolds were his sureties upon the appeal bond, which was in the penal sum of $610.52. The case was tried at the circuit in 1894, and resulted in a judgment against Anderson and his sureties upon the appeal bond for $603.20 damages, and costs to be taxed, from which judgment the defendants appeal to this court.

The declaration in justice's court was in writing, and set up a copy of a contract, as follows:

"This agreement, made this 11th day of September, 1868, between William A. Anderson, of the township of Denver, county of Newaygo, and State of Michigan, of the first part, and John Stanley, of the place aforesaid, of the second part, witnesseth that the aforesaid parties

agree to and with each other as follows, to wit: In consideration of the sum of $400, to him in hand paid, the party of the first part, the receipt whereof is hereby confessed and acknowledged: Now, therefore, he agrees to do for the party of the second part sawing to the amount of the aforesaid sum, at the usual price, at the mill of William A. Anderson, situated on the west half of the northwest quarter of section 30, in town 14 N., 13 W. The party of the second part is to furnish the logs as follows, to wit, enough to come to $100, each and every year until the above amount is paid. And, if said Stanley fail to furnish the logs as stated above, all is to become due in good, salable lumber, at the customary price, at the end of four years from this date, at the aforesaid sawmill."

The declaration continued as follows:

"And the plaintiff, further complaining of the said defendant, avers that the said above-mentioned period of four years from the said 11th day of September, 1868, has long since elapsed, and that the said defendant has not performed the labor in said agreement by him agreed to be performed, and has not delivered the said materials by him agreed to be delivered, to the damage of said plaintiff of $300."

It will be noticed that this declaration does not allege that the plaintiff had failed to deliver the logs to be sawed, whereby he became entitled to lumber under the contract, and that it does not state that any demand for lumber under said contract had been made. No plea was filed in the justice's court, but at the circuit, on December 12, 1892, a plea of the general issue was filed, without leave of court. On February 26, 1893, a trial was begun, and plaintiff submitted to a nonsuit, which was set aside; and on September 20, 1893, by leave of court, an amended declaration was filed, to which, after the denial of a motion to quash, the defendant filed a plea of the general issue, with notice of the statute of limitations. The amended declaration is similar to the first, but contains the allegations mentioned as omitted from that; and defendant contends that this was the introduction of a dif-

ferent cause of action, and that it was error not to direct
a verdict under the notice of the statute of limitations.
It is said, further, that the declaration first' filed was
merely a declaration on the common counts (they being
appended to the special count), because the special count
stated no cause of action, and, therefore, that the second
declaration set forth a new cause of action.

Had the first declaration been attacked in justice's
court by a demurrer, it would probably have been found
insufficient. Then the plaintiff would have been permit-
ted to amend. But the defendant chose to wait until the
case reached the circuit. Pleadings in justice's court,
where not demurred to, are construed liberally; and if
this declaration was not technically sufficient, in the
opinion of the court, it was within his discretion to per-
mit an amendment. This the circuit court did, and it is
manifest that the new declaration counts upon the same
contract and the same breach as was attempted to be
counted upon by the former one. One and the same
cause of action was set up, or attempted to be stated, in
both; and counsel's contention must rest upon the some-
what technical proposition that, because the first declara-
tion was defective in alleging the cause of action, to the
extent that it did not contain a sufficient allegation of a
breach, no cause of action was set up, and of necessity
the amended declaration, which did set up a cause of
action, must state a new and different one. We think
this contention is too technical, and that the cases cited
are so readily distinguishable in this respect as not to call
for a discussion of them. Pratt v. Circuit Judge, 105
Mich. 499.

Upon the trial, secondary evidence of the contract was
given, after the introduction of testimony tending to
show that it was filed with the justice, and that he had
been dead eight years, and that the custodian of his
docket, a successor in office, was unable to find it after
search. There was also evidence that counsel in the case

had made search for it, without finding it. We think this sufficient to justify the introduction of a copy.

It will be observed that nearly 20 years intervened between the dates of the two judgments, and that the original judgment of $300, with interest, might well amount to the sum for which judgment was rendered. The *ad damnum* clause was $300. At the trial it was claimed that the recovery could not exceed this, and counsel for plaintiff asked leave to amend, which was denied. Had this been allowed, it would have relieved the sureties. *Evers* v. *Sager*, 28 Mich. 48. The statute gives justices jurisdiction to the extent of $300. To say that the circuit court, upon appeal, can render judgment for no more, would put a premium upon appeals; for it would have the effect to stop interest in such cases where the judgment below was rendered for $300, or whenever, with interest, it should amount to such sum. This would be manifestly unjust. We think that, while the circuit court is limited to the jurisdiction in the amount of the original claim, the interest from the date of the judgment rendered by the justice may be recovered, and this without amending the *ad damnum* clause. This is the view taken of this subject by the supreme court of Illinois in *Tindall* v. *Meeker*, 1 Scam. 139; it being there said that "the rule in such cases is, if an inferior court has jurisdiction *ab origine*, no subsequent fact arising in the case can defeat it, when it was lawful in the inception."

The claim is made that a verdict should have been directed for the defendant, upon the ground that plaintiff did not show that the defendant did not have the lumber to pay the same, at the sawmill, at the time it became due. The testimony showed that at this time the plaintiff was out of the State, and that after his return he asked Anderson if he had any lumber for him, and he answered no; that he was turning his mill into a shingle mill. Plaintiff said he would take shingles, then, and defendant answered that he would see. Three weeks later the

plaintiff asked him if he had made the shingles yet, and he replied, "Yes, and sold them," and thereupon the plaintiff asked when he was going to pack some more, and he said he did not know as he should make any more. Upon this testimony, it was proper to submit the case to the jury; for, if it was necessary that the plaintiff make a demand, his failure to do so at the precise time and place set did not wipe out the debt. If the defendant was prepared to pay in lumber when due, and if it was not incumbent upon him to prove it, like a tender of money, certainly he must keep his tender good, and, when payment is demanded, cannot treat the obligation as paid. At the most, he would be relieved from the payment of interest during the interval between the maturity of the obligation and the demand.

The judgment was entered against the sureties for damages and costs. As their bond was but a few dollars more that the damages recovered, it is possible that, with the costs that may be taxed, the judgment will exceed the amount of the bond. The circuit court should permit an amendment limiting the judgment against the sureties to the amount of their bond.

In all other respects the judgment will be affirmed.

The other Justices concurred.