MARY DOYLE

v.

THE CITY OF SYCAMORE.

*Opinion filed December 18, 1901.*

1. WAIVER—*when right to assign error in sustaining of demurrer is waived.* One who acquiesces in an order of court sustaining a demurrer to his special plea, and who takes leave to plead again, cannot afterwards assign error upon such ruling.

2. LIMITATIONS—*when amendments to declaration are barred.* If the original declaration fails to state a cause of action, amendments filed after the Statute of Limitations has run are barred, even though they may state a cause of action.

3. ACTIONS AND DEFENSES—*when the declaration states no cause of action.* A declaration in a suit against a city states no cause of action which attempts to base a right of recovery for damage to plaintiff's property upon the mere apprehension that a stand-pipe erected by the city in a public street will fall, blow over or burst, or that it is liable to do so, without attempting to show upon what such apprehension or liability is based, or that if the stand-pipe should fall or blow over it would destroy plaintiff's property.

*Doyle* v. *City of Sycamore*, 81 Ill. App. 589, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. GEORGE W. BROWN, Judge, presiding.

W. C. KELLUM, and JONES & ROGERS, for appellant.

CARNES & DUNTON, and JOHN FAISSLER, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

On March 7, 1893, appellant sued out a summons in an action on the case against the appellee in the circuit court of DeKalb county, which was returned duly served on the 27th of that month. On June 8, following, she filed her declaration, consisting of two counts. On the 21st of June of that year a demurrer was filed to each count of that declaration, which was confessed by the plaintiff.

Nothing was done in the case until the 19th day of November, 1896, when an amended declaration was filed, consisting of four counts. On February 27, 1897, a general and special demurrer was filed to each of said counts. The demurrer to the declaration was overruled, and the defendant filed, first, the general issue; and second, a general plea of the five years statute of limitations; also four special pleas,—one to each count of the amended declaration,—setting up the same five years statute of limitations. To each of these four pleas a general and special demurrer was filed and sustained and leave given to the defendant to plead over, but that leave was not availed of. Issue was joined on the plea of the general issue and a general replication filed to the plea of the Statute of Limitations. On these issues a trial by jury was had and a general verdict of not guilty returned. Special findings were also returned by the jury at the request of the defendant. Motion by the plaintiff for a new trial was denied and judgment entered upon the general verdict. The Appellate Court has affirmed that judgment, and plaintiff prosecutes this appeal.

The appellee seeks, on cross-errors, to question the decision of the circuit court in sustaining the demurrer to its special pleas to the several counts of the amended declaration. It is not in a position to have brought in review that ruling. The record shows that the demurrer was sustained and leave given defendant to file amended pleas. The rule is elementary that where a party acquiesces in an order of court sustaining a demurrer to a pleading and takes leave to plead again, he cannot afterwards assign error upon such ruling. The only object, however, of the special pleas seems to have been to raise the question whether the amended declaration presented a new and different cause of action from that originally declared upon. We are unable to see how those pleas were necessary for any such purpose. If, as a matter of law, a different right of action was pleaded in the amended

counts, and that right did not accrue within five years prior to November 19, 1896, when the amendment was filed, the general plea of five years limitation was a complete defense and the special pleas were wholly unnecessary. If the amended counts do state a new and distinct cause of action, plaintiff's right is clearly barred and no recovery can be had. This is conceded by counsel for plaintiff. In our opinion a decision of that question will dispose of the case and render the consideration of other errors assigned unnecessary.

The original delaration avers that the defendant was a municipal corporation; that the plaintiff owned the lots in question, upon which were certain buildings, and that the defendant had erected in the public streets, within fifty feet of her buildings, a water tower or stand-pipe, which was one hundred and thirty-five feet high and constructed of circular steel or iron plates riveted together, the first course being nine-sixteenths of an inch in thickness and diminishing toward the top to three-sixteenths of an inch, and capable of holding 179,000 gallons of water. The first count then alleges, "which said stand-pipe, by reason of the fact that there is a *constant apprehension* that it may fall over upon said dwelling house and by its great weight injure, crush or destroy the same, or that it might blow over upon said property or burst and flood the same, greatly depreciate the value of said premises for resident or business purposes, and especially depreciate the market value of said premises. Plaintiff avers that by reason of the premises the defendant has greatly injured and damaged the said property of the plaintiff, within the meaning of the constitution and the laws of the State of Illinois; that the defendant has never paid or offered to pay the plaintiff any of the damages so caused to plaintiff's property, nor have any proceedings been instituted by defendant for the purpose of having compensation therefor ascertained; that by reason of the premises above set forth plaintiff's prop-

erty has been greatly damaged and depreciated." The second count avers "that said stand-pipe is *liable* to fall or blow over upon said premises and by its great weight injure and crush or destroy said buildings, and is liable to burst and flood the said premises and thus injure the same or destroy said buildings, and thereby greatly depreciate in value said premises for resident and business purposes, and especially greatly depreciate in market price the value of said premises," and alleges damages as in the first count. The amended counts make the same averments as to the ownership of the property, the erection of the tower and its proximity to the plaintiff's property. The first then alleges that on or about the month of July, 1888, said stand-pipe was connected with the water-works system of said city and was then commenced to be used in connection with the same, and has continued to be so used ever since; that it was erected for the purpose of being used in connection with the water-works system of said city; that it is defectively constructed. It then proceeds to state wherein the defective construction consists, in material, etc.; also, that it is in no way protected from the weather, and that in the use of it in the winter time it is rendered dangerous to plaintiff's property by reason of ice forming in same, and that it is of a dangerous character and reasonably certain to burst and fall over upon said buildings, etc. The other counts are not materially different from the first. They differ from the original mainly in the fact that they set out at length the facts upon which it is claimed the structure is dangerous and a menace to the property of plaintiff.

If it may be conceded that the original and amended counts do not state distinct causes of action in the sense that the amendment interjects a new element or right of recovery, as was the case in *Illinois Central Railroad Co.* v. *Cobb, Christy & Co.* 64 Ill. 128, *Chicago and Alton Railroad Co.* v. *Scanlan,* 170 id. 106, and *Illinois Central Railroad Co.*

v. *Campbell,* id. 163, and other like cases in which it has been held that plaintiff attempted by an amended count to add to the case already stated new grounds of recovery,—some additional claim or act of negligence,—still, if the original declaration states no cause of action whatever and the amended counts do, the latter must be treated as filed at the time the amendment was made. A cause of action being stated then for the first time can not escape the bar of the Statute of Limitations by being filed as an amendment. (*Eylenfeldt* v. *Illinois Steel Co.* 165 Ill. 185.) If an action is brought within the period of the Statute of Limitations and an amendment afterwards filed which simply re-states the right of recovery set up in the original declaration, the amendment is treated as filed at the time the suit was brought and the statute cannot be pleaded in bar thereto; but when the plaintiff seeks by an amendment to recover upon a new or additional cause of action, upon the plainest principles of justice he cannot do so if his amendment is filed after the statute has run. Of course, the first declaration need not be good from the standpoint of correct pleading, but it must state some cause of action. It may be defective in form or substance, or both, and yet be sufficient to support a judgment,—that is to say, good after verdict.

Without expressing any opinion as to whether the amended declaration filed in this case could be sustained as setting forth a good cause of action, we are clearly of the opinion that the one filed at the commencement of the suit wholly failed to state any right of action whatever, and that if a verdict had been rendered upon it the judgment would have been arrested upon motion by the defendant or upon appeal or writ of error. Our decision in *Barrows* v. *City of Sycamore,* 150 Ill. 588, while not decisive of this question, (it not being there presented for decision,) is in harmony with the view here expressed. It will be seen that each count of the original declaration attempts to base a right of recovery upon the mere

*apprehension* that the stand-pipe will fall, blow over or burst, and in the second count, that it is *liable* to do so, without in any way attempting to show upon what such apprehension or liability is based, or that if it should fall or blow over it would necessarily destroy the plaintiff's property, there being nothing from which it can be inferred that it might not fall or be blown in an opposite or different direction.     We have frequently held that in order to entitle a plaintiff to recover damages to property not taken, in a proceeding to condemn private property for public use, only such damages as are real and substantial can be recovered.     Such as are merely imaginary or conjectural can never be made the subject matter of a cause of action.     It will scarcely be contended that the mere fear or liability that his or her property will be damaged by the erection of a structure upon a street or upon adjoining lands will give such party a right of action for special damages.     At the time this suit was brought the water tower had stood and been used in connection with the water-works system of the city for at least within a month or two of the full statutory period of limitation,—five years.     No accident whatever, according to the declaration, had up to that time happened to it, and as we said in the *Barrows case*, not a single fact is stated from which it can be seen that the fears of the plaintiff are well founded or from which the liability of the tower to fall or blow over or burst may be inferred.

It seems to us too clear for argument that the declaration as originally filed wholly failed to state any right of action in the plaintiff for damages to her property not common to the public, and assuming, for the purposes of this opinion, that the amended counts are good, we think the Statute of Limitations was a complete defense to any cause of action therein stated.

The judgment of the Appellate Court will accordingly be affirmed.                         *Judgment affirmed.*