## FRANK KLAWITER

*v.*

## JOHN H. JONES.

*Opinion filed February 21, 1906.*

1. PLEADING—*negligence charged against one joint defendant cannot be imputed to the other.* In determining whether a declaration against a corporation and its foreman, as joint defendants, states a cause of action against the foreman, allegations charging negligence against the corporation alone cannot be considered.

2. SAME—*when declaration does not allege a cause of action against master's foreman.* A declaration in a personal injury case against a corporation and its foreman, alleging that the plaintiff was employed by the corporation and was under the orders of the foreman; that it was the duty of the defendants to see to it that nothing was done to unnecessarily expose the plaintiff to danger, but that in disregard of such duty the corporation, by its foreman, negligently ordered the plaintiff to assist in removing a scaffolding, "for which purpose an insufficient number of men had been provided," whereby plaintiff, while using due care, was injured, does not state a cause of action against the foreman.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

DOUTHART & BRENDECKE, for plaintiff in error.

HENRY B. BALE, and COX, HELDMAN & EVERETT, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The original declaration in this case consisted of one count, and was filed in the superior court of Cook county on May 19, 1896, by Frank Klawiter, the plaintiff in error, against John H. Jones, who is the defendant in error, and the Illinois Steel Company. It is set out in the abstract, as follows:

"This declaration avers that on November 13, 1895, plaintiff was in the employ of defendants in a certain yard adjacent to a certain establishment commonly called a rolling mill, owned, controlled and operated by defendant Illinois Steel Company; that plaintiff, as a common laborer, while employed as aforesaid, was then and there under the orders and subject to the directions of a certain foreman or boss or superintendent of defendant Illinois Steel Company, whose directions plaintiff was obliged and required to obey; that while so engaged it was the duty of defendants to have seen to it that nothing should be done which would unnecessarily expose plaintiff to danger; that defendants, in utter disregard of duties in this behalf, did not see to it that nothing was done which would expose plaintiff to danger, nor did they exercise reasonable care for the safety of plaintiff, inasmuch as it, the said defendant Illinois Steel Company, by its said foreman, boss or superintendent, then negligently ordered plaintiff to help and assist in raising and removing a certain scaffolding, for which purpose an insufficient number of men had been provided, whereby, while plaintiff was exercising due care in pursuance of the order of said foreman, said scaffolding slipped and fell against plaintiff, and he was thereby greatly and permanently injured."

Jones was not served with summons in the case until April 24, 1900. Thereafter a demurrer was interposed by Jones to the original declaration. While this demurrer was pending, plaintiff in error, on May 25, 1900, filed two additional counts. On February 15, 1902, demurrers were sustained to the original declaration and the additional counts,

and the plaintiff in error, on February 19, 1902, filed an amended declaration consisting of two counts. The first count of the amended declaration differed from the original declaration in that it alleged that the plaintiff was "subject to the directions of a certain foreman of defendants, whose directions he was required to obey," and that "defendants, by their foreman, negligently directed plaintiff to assist in raising and removing a certain scaffolding, for which purpose an insufficient number of men had then and there been provided by defendants, Illinois Steel Company and John H. Jones." The second count of the amended declaration alleged that "it was the duty of defendants to exercise reasonable care to furnish a sufficient number of persons to perform the work required with reasonable safety, so that plaintiff would not be unnecessarily exposed to danger; that defendants did not exercise such care, but, on the contrary, negligently failed to furnish a sufficient number of persons to raise and remove a certain scaffolding which defendants then desired to have raised and removed, which fact defendants well knew or in the exercise of ordinary care and diligence ought to have known, and of which fact plaintiff had no notice or knowledge, and by reason of the failure of defendants to furnish a sufficient number of persons to perform the work of raising and removing said scaffolding, and while plaintiff was engaged, as aforesaid, in assisting to raise and remove said scaffolding, and was in exercise of due care, said scaffolding slipped and fell against plaintiff," whereby he was injured. Jones pleaded the general issue and the Statute of Limitations to both counts of the amended declaration. A demurrer, interposed by the plaintiff to the pleas of the Statute of Limitations, was sustained. The defendant stood by his pleas, and a trial was had before a jury upon the amended declaration and the plea of not guilty, which resulted in a verdict for the plaintiff against Jones, the suit having been dismissed as to the Illinois Steel Company during the trial of the cause. Judgment was rendered

by the superior court upon the verdict and Jones appealed to the Appellate Court for the First District, where the judgment of the superior court was reversed without remanding the cause, on the ground that the amended declaration stated a new cause of action against Jones, and for that reason the pleas of the Statute of Limitations presented a complete defense to the cause of action stated in the amended declaration. From that judgment of the Appellate Court plaintiff in error has prosecuted this appeal. It is not assigned as error that the Appellate Court, upon reversing the judgment, did not remand the cause.

The amended declaration was not filed until more than two years after the plaintiff in error had sustained the injuries for which he brought this suit. Therefore, unless the original declaration stated a cause of action against Jones, the pleas of the Statute of Limitations presented a complete defense to the cause of action set forth by the amended declaration. *Eylenfeldt* v. *Illinois Steel Co.* 165 Ill. 185; *Foster* v. *St. Luke's Hospital,* 191 id. 94.

In determining the question whether the original declaration stated a cause of action against Jones, all intendments and inferences that may reasonably be deduced from the facts stated in the pleading are in its favor, (*Sargent Co.* v. *Baublis,* 215 Ill. 428,) and if, so construed, it discloses a cause of action against Jones, although defectively stated, the Statute of Limitations is not a bar.

The suit was brought against Jones and the Illinois Steel Company. The allegations against one, only, of the defendants cannot be considered in determining whether the declaration discloses a cause of action against the other. Any negligence charged against the Illinois Steel Company alone cannot be imputed to Jones.

After stating that the relation of master and servant existed between the defendants and the plaintiff, the declaration charges that because of such relation it was the duty of the defendants to have seen that nothing should be done

which would unnecessarily expose plaintiff to danger, but that the defendants disregarded such duty and did not see that nothing was done which would expose plaintiff to danger, nor did they exercise reasonable care for the safety of plaintiff. Thus far the declaration attempts to set out some vague and uncertain duty which both defendants owed to the plaintiff and a breach of such duty by both defendants. This is not sufficient in order to disclose a cause of action. The specific act or omission relied upon as constituting the breach of duty must be stated in the declaration in order that a cause of action may appear therefrom, such as that the master failed to use reasonable care to furnish a reasonably safe place in which to work, or to furnish reasonably safe machinery, tools or appliances, or a sufficient number of men, or to warn an inexperienced servant of certain dangers connected with the work which he is required to perform. In *Wells* v. *O'Hare,* 209 Ill. 627, it is said: "A declaration to recover for negligence must allege the negligence or omission relied upon to give the right to recover;" and in *City of Chicago* v. *Selz, Schwab & Co.* 202 Ill. 545, in discussing the question whether a count stated a cause of action, the court says: "The count does not even charge negligence, generally, in the doing of a specific act, and does not disclose a cause of action."

The general breach of duty that the defendants did not see that nothing was done which would unnecessarily expose plaintiff to danger is, however, limited and particularized by alleging that the Illinois Steel Company negligently ordered the plaintiff to assist in raising and removing a certain horse or scaffolding, for which purpose an insufficient number of men had been provided. The only remaining question is whether it can be reasonably inferred from this specific charge of negligence that Jones was guilty of any breach of duty in that regard.

As far as any negligence might be implied from the giving of the order to an insufficient number of men, of which

the plaintiff was one, to raise and remove the scaffolding, such negligence is charged against the Illinois Steel Company alone, and by no reasonable intendment can it be extended to include Jones.

It is said, however, that the giving of the order is not the negligence counted on; that it is only alleged to rebut any presumption of assumed risk or want of due care on the part of the plaintiff, and that the real negligence disclosed by the declaration is that of providing an insufficient number of men to raise the scaffolding.

The clause, "for which purpose an insufficient number of men had been provided," is meaningless and unintelligible unless reference is made to what precedes it, viz., that "it, the said defendant Illinois Steel Company, by its said foreman, boss or superintendent, then negligently ordered plaintiff to help and assist in raising and removing a certain scaffolding." But, as we have hereinabove stated, the allegations against the Illinois Steel Company alone cannot be considered in determining whether the declaration states a cause of action against Jones. Therefore, conceding that the real negligence charged is that of providing an insufficient number of men, we think that it is so dependent upon that part of the charge which refers to the Illinois Steel Company alone, as to necessarily lead to the conclusion that the declaration charges that the Illinois Steel Company, and not Jones, had provided an insufficient number of men.

In our opinion the original declaration failed to state any cause of action against Jones, and the superior court should have overruled the demurrer to the pleas of the Statute of Limitations.

The judgment of the Appellate Court will therefore be affirmed.                              *Judgment affirmed.*