[Civil No. 1179.   Filed March 27, 1911.]

[114 Pac. 547.]

L. J. BOUDREAUX, Special Administrator of the Estate of CLIFFORD E. YOUMANS, Plaintiff and Appellant, v. THE TUCSON GAS, ELECTRIC LIGHT AND POWER COMPANY, a Corporation, Defendant and Appellee.

PLEADING—AMENDMENTS—NEW CAUSE OF ACTION—LIMITATIONS.— Where the original complaint does not state facts constituting a cause of action as against a general demurrer, an amendment may be filed after the period of limitations has become complete, if the facts alleged in the original complaint are sufficient, when read in view of the amendment, to show that the amendment merely perfects an imperfect cause of action alleged in the original complaint, and does not state a new or different cause of action.

APPEAL from a judgment of the District Court of the First Judicial District, in and for Pima County. John H. Campbell, Judge. Reversed and remanded with instructions to overrule demurrer.

The facts are stated in the opinion.

S. W. Purcell, Edwin F. Jones and Lewis C. O'Connor, for Appellant.

The original complaint stated a cause of action and was not subject to attack on demurrer. The defect claimed in the original complaint, and which is likewise existing in the first

amended complaint, is that there is no allegation of damage, or any allegation which is legally equivalent thereto. "Although a complaint may state facts sufficient to sustain a judgment, yet it is essential that it allege damage, or ask a recovery in a certain sum, and a complaint which does not allege or ask damages is defective. . . . But a complaint which prays for judgment in a specified amount is sufficient, although it fails to allege in express terms that the plaintiff was damaged." 13 Cyc. 174; *Riser* v. *Walton,* 78 Cal. 490, 21 Pac. 362; *Weaver* v. *Boom Co.,* 28 Minn. 542, 11 N. W. 113; *Bank* v. *Port Townsend,* 16 Wash. 450, 47 Pac. 896. The failure to insert an *ad damnum* clause is a mere formal defect. "The *ad damnum* clause of a common-law declaration, in which the amount of damages is specified, was considered only a formal declaration or allegation, and any objection for defect therein, could be taken only by special demurrer." 5 Ency. of Pl. & Pr., p. 706. "The complaint or declaration may be amended as in other actions, and when the amended pleading does not state a new cause of action, and such amendment, although made after the expiration of the period of limitations, will relate back to the commencement of the suit." Tiffany on Death by Wrongful Act, sec. 187; *Ellison* v. *Georgia R. R. & Banking Co.,* 87 Ga. 691, 13 S. E. 809.

S. L. Kingan, for Appellee.

"The complaint in an action for personal injuries must affirmatively show that the negligence of the defendant was the proximate cause of the injury." Thompson on Negligence, sec. 7475; *Smith* v. *Buttner,* 90 Cal. 100, 27 Pac. 29. "In a complaint the necessary facts to constitute a cause of action must be stated in unequivocal language, and not left to inference." 4 Ency. of Pl. & Pr. 605; *Scott* v. *Robards,* 67 Mo. 289; *Seligson* v. *Hobby,* 51 Tex. 147; *Crump* v. *Mims,* 64 N. C. 767. The complaint contains no allegation of damage, nor does it allege facts from which damage might be presumed, or inferred. "Allegation of damages, generally: in those jurisdictions where the statute provides that the action shall be for the recovery of pecuniary loss only, or where an interpretation has been placed upon the statute by the courts, it is essential for the declaration or complaint to allege that pecuniary loss has resulted from the death." 5

Ency. of Pl. & Pr. 874. As the complaint states no cause of action, it cannot be amended after the bar of the statute of limitations is complete. If no cause of action be set forth, there is nothing to amend by; it is the same as if no pleadings had been filed. *Brigham* v. *Este,* 2 Pick. (Mass.) 420; *Foster* v. *St. Lukes,* 191 Ill. 94, 60 N. E. 803; *Lilly* v. *Charlotte R. R. Co.,* 32 S. C. 142, 10 S. E. 932; *Keppler* v. *Becker,* 9 Ariz. 234, 80 Pac. 334.

LEWIS, J.—On the twenty-first day of March, 1908, one Clifford E. Youmans, a lineman of the Consolidated Telephone, Telegraph and Electric Company, was killed while engaged in repair work. In November, 1908, the appellant brought this action against the appellee, seeking a money judgment for the death of Youmans, which was alleged to have been caused by appellee negligently permitting a highly charged wire to come in contact with the telephone line which decedent was repairing. The cause of action attempted to be stated was one for wrongful death under paragraphs 2764 to 2766 of the Revised Statutes of Arizona of 1901. The complaint, tested by a general demurrer, unquestionably failed to state facts sufficient to constitute a cause of action. In May, 1909, the appellant filed an amended complaint, to which appellee answered, demurring upon the ground that plaintiff's cause of action was barred by the statute of limitations, in that it appeared upon the face of the complaint and the records of the court that the original complaint filed did not state facts sufficient to constitute a cause of action, and that the first amended complaint was not filed until more than a year after the cause of action had accrued. This demurrer was sustained. Appellant thereafter filed a second amended complaint to which appellee answered, demurring upon the same ground, which demurrer was also sustained. Judgment was entered dismissing the complaint. This appeal was thereupon taken from the judgment.

The rulings and judgment of the trial court were correct upon the authority of *Keppler* v. *Becker,* 9 Ariz. 234, 80 Pac. 334. The appellant asks a review of that decision. This court in the Keppler case thus stated the law: "It is a rule of general application that, where the original complaint states no cause of action, it will not arrest the running of

the statute of limitations and an amendment made after the bar of the statute is complete must be treated as filed at the time the amendment is made.'' In order to ascertain the origin and reasoning in support of this statement of the law, it becomes necessary to re-examine the authorities relied upon, inasmuch as this court has adopted a rule formulated by the supreme court of Illinois and followed by the supreme court of Kansas. They are *Railroad Co.* v. *Campbell,* 170 Ill. 163, 49 N. E. 314; *Lasater* v. *Fant* (Tex. Civ. App.), 43 S. W. 321; *M., K. & T. Ry. Co.* v. *Bagley,* 65 Kan. 188, 69 Pac. 189, 3 L. R. A., N. S., 259. The supreme court of Kansas in the Bagley case, last cited, said, speaking by Johnson, J.: ''The petition first filed was in good time, but that pleading was held bad, in that it did not state a cause of action.'' *M., K. & T. R. Co.* v. *Bagley,* 60 Kan. 424, 56 Pac. 759. ''The amended petition on which the second trial was had was filed May 15, 1899, more than six years after the causes of action pleaded had accrued. The statute of limitations barred such causes in three years after they had accrued, and, if the original petition did not arrest the statute, the causes were all barred.'' After stating the general rule that a new and distinct cause of action barred by the statute could not be ingrafted on a petition by way of amendment, so as to deprive the defendant of the defense of the statute of limitations, and citing cases, the court, continuing, said: ''Those cases differ somewhat from the case in hand, as in them the new causes were added by amendment to other and distinct causes that had been previously pleaded, while here the amendment sets up a cause of action where none whatever had been previously alleged. The principle which ruled the cited cases, however, applies. A cause of action pleaded by way of amendment for the first time is new, and the departure is as great as the ingrafting of a distinct cause of action which is barred upon an original one that is not barred. . . . The supreme court of Illinois had this identical question before it for consideration, and while holding that, if the action was originally brought within the statutory period, and an amendment is afterward filed which simply restates the right of recovery originally pleaded, the amendment is treated as filed at the time the action was brought, and the statute of limitations will not operate as a bar; but it was also held where an original declaration fails

to state any cause of action whatever, and an amended decla-
ration does, upon an issue of the statute of limitations, the
amended declaration will be deemed to have been filed, and
the action to have been instituted at the time of the making
of such amendment, although such amendment is confined
to a more complete statement of the same cause or right at-
tempted to be stated in the original.   See, also, *Illinois C. R.
Co.* v. *Campbell,* 170 Ill. 163, 49 N. E. 314; *Eylenfeldt* v. *Illi-
nois Steel Co.,* 165 Ill. 185, 46 N. E. 266; *Selma R. & D. R. Co.*
v. *Lacey,* 49 Ga. 106; *Phelps* v. *Illinois C. R. Co.,* 94 Ill. 548;
*Lasater* v. *Fant* (Tex. Civ. App.), 43 S. W. 321; *Sicard* v.
*Davis,* 6 Pet. 124, 8 L. Ed. 342.''   Doster, C. J., dissenting,
says: ''I dissent from the judgment in this case and from so
much of the opinion as applies the statute of limitations to
the case of defendant in error, the plaintiff below, and am
authorized to say for Justice Ellis that he also dissents.   The
majority opinion is entirely too technical.   The original peti-
tion was defective because incomplete in its formal allega-
tions.   It simply omitted the statement of the consideration
for the promise sued on.   The amendment merely supplied
the allegation of that element of the contract.   Now, in such
cases, we understand the rule to be that petitions are amend-
able even after the running of the statute of limitations; that
is, the incomplete allegations may be helped out by amend-
ment.   However, one may not introduce a new cause of action
into a case by way of amendment of his petition after the
period of limitation has run against it.   He may not under
the guise of amendment change his cause of action from one
sued on during its life to one against which the bar of the
statute has run; nor may he by way of amendment tack a
barred cause of action onto one against which the statute has
not run.   The decisions cited in the majority opinion are in-
stances of changes from one cause of action to another, and
do not constitute precedents for the ruling made in this case.''
The validity of the conclusion reached in the opinion of the
majority of the court in that case is dependent upon the
soundness of the assumption that ''a cause of action pleaded
by way of amendment for the first time is new'' within the
meaning of the generally accepted rule that an amendment
introducing a new cause of action cannot be made after the
bar of the statute of limitations has become complete.

Passing the Illinois cases for later consideration, we will now examine the remaining cases cited by the supreme court of Kansas in support of this doctrine. The first case is *Selma R. & D. R. Co.* v. *Lacey,* 49 Ga. 106. The law was thus stated: "A cause of action defectively set forth may be amended, but, when there is no cause of action set forth, there is nothing to amend." This has been retracted by the supreme court of Georgia in *Ellison* v. *Georgia R. Co.,* 87 Ga. 691, 13 S. E. 809, wherein the court elaborately discusses the topic of amending declarations and expressly overrules their former decisions. The court of civil appeals of Texas, in *Lasater v. Fant* (Tex. Civ. App.), 43 S. W. 321, a case not involving the statute of limitations, said: "The complaint (in the justice court) is so defective that it states no cause of action whatever, and an amendment of it in the county court would be equivalent to the bringing of a new action, which cannot be done in that court." This lends but little support to the rule, inasmuch as the same court in *Texas & Pac. Ry. Co.* v. *Johnson,* 34 S. W. 186, in a carefully considered opinion collecting the Texas authorities, said that an amendment filed after the bar of the statute of limitations had become complete did not present a new or different cause of action from one imperfectly alleged in the original petition which had been held on demurrer not to state a cause of action. The last case—*Sicard* v. *Davis,* 6 Pet. 124, 8 L. Ed. 342—is one of an amendment to a good declaration by the addition of a count asserting a different title from that originally declared upon, concerning which the court said: "The second count in the declaration being a demise from a different party asserting a different title is not distinguishable so far as respects the bar of the act of limitations from a new action."

Turning to the Illinois cases, we find *Railroad Co.* v. *Campbell,* 170 Ill. 163, 49 N. E. 314, cited in both the Bagley case and *Keppler* v. *Becker.* The supreme court of Illinois there said, speaking by Phillips, C. J.: "Where a declaration fails entirely to set forth a cause of action, and where the negligence of the defendant is not such as would entitle the plaintiff to recover, and is not sufficient on which to base a judgment for the plaintiff, the statute of limitations will interpose, and deny him the right, after the limitation of such statute, to set up and allege new and different grounds, or

other and different acts of negligence on which to base his claim for damages. *Eylenfeldt* v. *Steel Co.*, 165 Ill. 185, 46 N. E. 266.'' The point of the case is as to whether the amended complaint set up a new cause of action, and it falls within the general rule that an amendment setting up a new cause of action cannot be made after the bar is complete. But, assuming that the rule stated is necessary to the decision, the facts were completely set forth in the original complaint. The law, however, afforded no remedy upon the facts stated, the court holding that the act of negligence alleged was one the risk of which defendant had assumed. The act alleged in the amended count was held to be a statement of a new cause of action, in that it alleged a negligent act, the risk of which was not assumed. The court itself distinguishes the case from those wherein the action is begun, and, the cause of action being insufficiently alleged, amendments are permitted to perfect the statement. The leading Illinois case announcing the ''cause of action for the first time stated'' rule is the Eylenfeldt case. In that decision, as will be observed by reading the facts stated by the court, the plaintiff was injured on January 17, 1892, and suit was brought on the twenty-ninth day of the following March. What purported to be a declaration was filed, but it should be noted no cause of action whatever was stated or attempted to be stated. No declaration was filed stating a cause of action until January 31, 1895, more than three years after the accident and more than one year after the statute of limitations had run. After stating the record substantially thus, the court said: ''The question, then, presented by the record before us is whether the counts filed by the plaintiff in January, 1895, after the two years provided by the statute for bringing an action had expired, set up a new cause of action, or whether they were a mere restatement of the cause of action already stated in the declaration. Upon an inspection of the declaration first filed by the plaintiff, it will be found that the commencement of the declaration is in proper form in an action of trespass on the case, and no fault is found with the conclusion of the declaration, wherein damages are claimed, but, when the body of the declaration is examined, where the cause of action should be set up, no cause of action whatever is averred in the declaration. The amended count does, how-

ever, set up a cause of action; but, inasmuch as the original declaration stated no cause of action, it seems to follow that the amended declaration stated a new cause of action, one which had never been stated before, and hence the statute of limitations was a good defense. There could be no restatement of a cause of action by the amended declaration, unless the cause of action had been stated before. If the plaintiff had stated his cause of action in a defective manner, omitting some feature which should have been incorporated in it, then an amendment restating the cause of action would not fall within the statute; but such was not this case." In *Foster* v. *St. Luke's Hospital,* 191 Ill. 94, 60 N. E. 803, the court said: "If the original declaration failed to state a cause of action and by the amendment thereto a new cause of action was sought to be introduced, the same was barred, and the plea of the statute of limitations thereto should have been sustained. The controlling question, therefore, is, Did the original declaration state a cause of action? . . . We are of the opinion the declaration as originally filed stated no cause of action, and that the cause of action stated in the amended declaration was barred by the statute of limitations." Varying applications of the rule of the Eylenfeldt case are to be found in *Mackey* v. *Northern Mill Co.,* 210 Ill. 115, 71 N. E. 448; *Klawiter* v. *Jones,* 219 Ill. 626, 76 N. E. 673; *Bahr* v. *Nat. Safe Deposit Co.,* 234 Ill. 101, 84 N. E. 717 (which collects the cases in support of the rule); *Walters* v. *City of Ottawa,* 240 Ill. 259, 88 N. E. 651. In *Doyle* v. *City of Sycamore,* 193 Ill. 501, 61 N. E. 1117, a different statement of the rule is made, namely: If the original complaint be one to be held good after a verdict, it will toll the bar of the statute, otherwise not. The leading case in Illinois stating the "new cause of action" rule is that of *Illinois Central R. R. Co.* v. *Cobb,* 64 Ill. 128. At page 140 of 64 Ill. the court said: "In the particular case now under consideration, the plaintiffs, by leave of court, filed two amended declarations, setting up shipments of corn by different persons from different places, and at different times from those described in the original declaration. Defendant pleaded the statute of limitations to these additional counts, to the effect that the cause of action did not accrue within five years before they were filed or before leave was given to file them, with an averment that

they set up new causes of action. The court sustained a demurrer to this plea. We are of opinion the plea was good. The new counts set up entirely new causes of action. Counsel for appellees cite various authorities for the purpose of showing that courts should be liberal in allowing amendments for the purpose of avoiding the running of the statute. These authorities however, are cases where the amendment was for the purpose of restating the cause of action in the pending suit, and not for the purpose of introducing a wholly new and different cause of action. The rule contended for by appellees would substantially break down the protection intended to be given by the statute. If A has two notes against B, one of which is barred by the statute and the other not, he could not enforce payment of the first note by joining it in a suit upon the second. If, however, he commences suit on the second before the statute has run against either, and afterward, the statute having run in the meantime against the first note, seeks to recover upon it by adding a new count to his declaration in the pending suit, it is claimed he may do so. Why should this be permitted any more than to unite in the first instance a note barred with one not barred? The two cases are the same in principle. When a new count is added, a distinct suit could not be brought on the outlawed note, and it has not been included in the pending suit. How, then, can its payment be enforced by adding a new count in the pending suit? How can a note, which the law pronounces dead, be vitalized by amending the declaration in a suit brought upon another cause of action. This seems plain upon principle, but we cite the following authorities: *King* v. *Avery,* 37 Ala. 173; *Holmes* v. *Trout,* 1 McLean, 1, Fed. Cas. No. 6,645, affirmed in 7 Pet. 171, 8 L. Ed. 647; *Woodward* v. *Ware,* 37 Me. 564; *Skowhegan Bank* v. *Cutler,* 49 Me. 315." The rules which we would deduce from the foregoing Illinois cases are well summarized in *Heffron* v. *Rochester German Ins. Co.,* 220 Ill. 514, 77 N. E. 262, thus: "Certain propositions of law thoroughly established by the decisions of this court should be borne in mind in the consideration of this question. If the original declaration fails to state any cause of action whatever, the cause of action set up by amendment, after the statute of limitations has run, is barred. *Mackey* v. *Northern Milling Co.,* 210 Ill. 115, 71 N. E. 448; *Doyle* v.

XIII Ariz.—24

*City of Sycamore,* 193 Ill. 501, 61 N. E. 1117; *Foster* v. *St. Luke's Hospital,* 191 Ill. 94, 60 N. E. 803. If an amendment to a declaration restates in different form the same cause of action set up in the original declaration, the filing of the amendment relates back to the commencement of the suit, and the statute of limitations is not a bar. *Chicago City Ry. Co.* v. *McMeen,* 206 Ill. 108, 68 N. E. 1093; *Chicago & Eastern Illinois R. R. Co.* v. *Wallace,* 202 Ill. 129, 66 N. E. 1096. If an amendment introduces a new cause of action, it is regarded as a new suit commenced when the amendment is filed, and the statute of limitations may be pleaded accordingly. *Chicago City Ry. Co.* v. *McMeen, supra; Fish* v. *Farwell,* 160 Ill. 236, 43 N. E. 367.''

Examining the opinions of other courts, we find that the court of appeals of Maryland, reversing the circuit court, in *State to the Use of Zier* v. *Chesapeake Beach Ry. Co.,* 98 Md. 35, 56 Atl. 385, after holding the first count bad on demurrer as not stating a cause of action, said: ''Did the amendment change the cause of action? As we have said, the suit was brought under article 67 of the code, which permits an action to be maintained to recover damages whenever the death of a person shall be caused by wrongful act, neglect, or default, if the act, neglect, or default (had death not ensued) would have entitled the injured party to recover damages in respect thereof. Now, the original declaration, though defective, was founded on the alleged negligence of the defendant. The fact that the *narr,* was insufficient in law—that it did not accurately and formally set forth the real cause of action—did not prevent the suit itself from being a pending suit wherein the *gravamen* was the negligence of the defendant. When the amendment was made, precisely the same cause of action was declared on. It is true it was imperfectly stated in the first count, but in the second it was correctly set forth. The negligence alleged in the first count was the negligence of the defendant through its agents, but was none the less the negligence of the master, though, as respects a servant of the master, it was not actionable. In the second count the negligence alleged was again the negligence of the master in failing to exercise due care in the selection of the fellow-servants by whom the injury was inflicted. But the suit to recover for the defendant's negligence was precisely the same

after the amendment had been made that it was antecedently. The statement of the cause of action was different, but the cause of action itself was identical. Injury resulting in death is what occasioned the suit. The imperfect statement of the case did not cause the correct statement of it to be a different cause of action. Being the same cause of action, the accurate statement of it in the amended declaration did not convert the original suit into a new and different suit, and therefore did not warrant the filing of any other plea of the statute of limitations than such as could have been interposed to the original *narr.* The action for the negligence was, in fact, commenced within twelve calendar months from the death of Zier, and hence the plea which averred that the cause of action did not accrue within twelve months before the filing of the amended declaration ought to have been stricken down on demurrer, and there was consequently error in overruling the demurrer thereto. Because of the error just named, the judgment must be reversed, and a new trial will be awarded.''

The court of appeal, first district, of California, in *Rauer Law & Collection Co.* v. *Leffingwell,* 11 Cal. App. 494, 105 Pac. 427, refused to follow the Eylenfeldt rule, and denied the soundness of the contention that where the original complaint stated no cause of action, while the amended complaint stated a perfect cause of action, the latter necessarily stated a new and different cause of action. A rehearing was denied by the supreme court. The supreme court of Montana in *Clark* v. *Oregon Short Line R. Co.,* 38 Mont. 177, 99 Pac. 298, reversed the ruling of the district court, sustaining a plea that the amended complaint for the first time stating a cause of action was barred by the statute of limitations. The question is discussed at length, the court saying it is a new one in the state. The supreme court of Georgia, in the case of *Savannah F. & W. Ry. Co.* v. *Smith,* 93 Ga. 742, 21 S. E. 157, though not directly in point, approves the practice of permitting amendments after the bar of the statute became complete, where the original declaration failed to state a cause of action. The supreme court of South Carolina, in *Lilly* v. *Charlotte C. & A. R. R. Co.,* 32 S. C. 142, 10 S. E. 932, is in accord with the Illinois rule expressed in the Eylenfeldt case, although perhaps affected by a local practice making amendments discretionary with the trial court, this being **an**

affirmance. This South Carolina case is criticised in *Love, Admr.,* v. *Southern Ry. Co.,* 108 Tenn. 104, 65 S. W. 475, 55 L. R. A. 471, which reviews the authorities, and holds that where a cause of action for wrongful death is properly brought by the personal representative in right of the deceased by the filing of a valid summons, but the declaration is a nullity because the statutory beneficiaries are not named, a new declaration may be filed for the purpose of naming them even after the limitation period has elapsed, since the declaration relates back to the filing of the summons. In speaking of the case of *Lilly* v. *Charlotte C. & A. A. Co., supra,* it is said: "The case is an extreme one, and somewhat technical, as we think, in its holding." In North Carolina in the litigation of *Webb* v. *Hicks,* reported in 116 N. C. 598, 21 S. E. 672, 123 N. C. 244, 31 S. E. 479, and 125 N. C. 201, 34 S. E. 395, and again in *Woodcock* v. *Bostic,* 128 N. C. 243, 38 S. E. 881, the supreme court indicates its view that a pleading defective, in that it fails to state a cause of action, may nevertheless be sufficient to prevent the bar of the statute of limitations attaching. The supreme court of Nebraska in the case of *Merrill* v. *Wright* reversed a judgment in favor of Merrill because in the petition there was neither averment nor proof of the existence of a levy of assessment of taxes for the amount for which Merrill had obtained judgment. After the case was remanded, the petition was amended, and to it as amended the plea of the statute of limitations was interposed and sustained. The court said (54 Neb. 517, 74 N. W. 955) : "The action (original), however, was for the same relief prayed in the amended petition, but in the original petition sufficient facts to entitle plaintiff to that relief were not stated. The argument of the appellees is, however, that because of this failure the petition must be treated as though it were an absolute nullity. In other words, as though no petition had ever been filed. From this principle, and its attempted application, it would of necessity result that no amendment could be made upon a general demurrer being sustained to a petition. The rules of the Code of Civil Procedure are not thus inflexible. We therefore conclude that the bar of the statute of limitations was not well pleaded, and the judgment of the district court dismissing the action of said appellant is accordingly reversed." This ruling is adhered to in *Chicago R. I. & Pac.*

*R. Co.* v. *Young,* 67 Neb. 568, 93 N. W. 922. The supreme court of Michigan in *Stanley* v. *Anderson,* 107 Mich. 384, 65 N. W. 247, a case involving the statute of limitations, dismisses the matter thus: "Counsel's contention must rest upon the somewhat technical proposition that, because the first declaration was defective in alleging the cause of action, to the extent that it did not contain a sufficient allegation of a breach, no cause of action was set up, and of necessity the amended declaration, which did set up a cause of action, must state a new and different one. We think this contention is too technical, and that the cases cited are so readily distinguishable in this respect as not to call for a discussion of them." See, also, *City of Detroit* v. *Hosmer,* 125 Mich. 634, 85 N. W. 1. The question has been before the circuit court of appeals for the eighth circuit in the case of *Patillo* v. *Allen-West Commission Co.,* 131 Fed. 680, 65 C. C. A. 508. A demurrer had been sustained to the original complaint. An amendment was filed after the statute had run. The court held that "no new or independent cause of action was thus presented, and that it related back to the commencement of the action, where the running of the statute of limitations against the cause of action upon the account stated ceased."

The following cases touch closely related phases of the subject of the amendments of pleadings after the bar of the statute of limitations has become complete: *Louisville & N. R. R.* v. *Pointer's Admr.,* 113 Ky. 952, 69 S. W. 1108; *Myers* v. *Kirt,* 68 Iowa, 124, 26 N. W. 22; *Texas & P. Ry. Co.* v. *Johnson* (Tex. Civ. App.), 34 S. W. 186 (collecting Texas cases); *Alabama Consol. Coal & Iron Co.* v. *Heald,* 154 Ala. 580, 45 South. 686 (opinions by divided court elaborately discussing general question with the majority favoring liberality in allowing amendments); *Powers* v. *Badger Lumber Co.,* 75 Kan. 687, 90 Pac. 254 (following the Bagley case). See, also, note "The relation of new pleadings to statutes of limitations," in 3 L. R. A., N. S., 259. We believe that the cases here cited fairly present the variant views touching the question we are endeavoring to solve, namely, is the conclusion of the Bagley class of cases sound. that where the original complaint is defective, in that it fails to state a cause of action formal or informal, the statement for the first time of a cause of action by amendment necessarily is the state-

ment of a "new" cause of action within the meaning of the generally accepted rule that an amendment which introduces a new or different cause of action does not relate back to the beginning of the action so as to arrest the running of the statute of limitations? From these authorities we deduce the conclusion that the failure of the original complaint to state facts sufficient in form or substance to constitute a cause of action is not of itself the conclusive test. Confusion has arisen from a lack of an exact definition and common understanding of the term "new," as used in this rule. The supreme court of Illinois, in the Eylenfeldt case, was the first, so far as we have discovered, to say: "Inasmuch as the original declaration stated no cause of action, *it seems* to follow that the amended declaration stated a new cause of action— one that has never been stated before—and hence the statute of limitations was a good defense." (Italics ours.) Unquestionably in one sense in which "new" is in common usage it means "other than" or "different from," and it is irresistible that in such sense a pleading which for the first time states a cause of action states a new cause of action. So equally in one meaning of the words "different" or "distinct" such perfect pleading states a "different" or "distinct" cause of action. But the expression "new or different cause of action" has had a technical meaning in the law of pleading. It is legitimate to assume that it was so used by those who formulated the "new cause of action" rule. That such technical meaning was theirs is amply illustrated in the early cases cited above. The test as to what is meant by "new cause of action" within the law of pleading is furnished by the supreme court of the United States in a case involving the question of amendment after the bar of the statute of limitations had become complete. "The decision as to the application of the Missouri law involves first the ascertainment of whether the amended petition presented a new cause of action. The legal principles by which this question must be solved are those which belong to the law of departure, since the rules which govern the subject afford the true criterion by which to determine whether there is a new cause of action in the case of amendment." *Union Pac. Ry. Co.* v. *Wyler,* 158 U. S. 285, 289, 15 Sup. Ct. 877, 879, 39 L. Ed. 983. It may further be said that the question of amendment of a

defective complaint is a question of pleading. The question
of the addition of a new cause of action to a pleading by
amendment is one of the law of limitations. The law of
limitations requires that an action shall be commenced within
a definite period from the accrual of the cause of action. An
action is commenced in this territory by the filing of a com-
plaint.   We have not here in mind the question as to whether
such action must be prosecuted. The law of limitations is
thereby satisfied. The complaint, under the law of pleading,
is bad, even though it indicates, if it does not state, a cause
of action. The question as to its being good or bad, as to its
being amendable or nonamendable, is purely one of the law
of pleading. So long as amended to plead the same action,
it is not obnoxious to the law of limitations. But, imme-
diately upon there being an amendment which states a new
action, the law of limitations must be looked to to determine
whether such new action is barred; for as to such new action,
whether brought in by way of amendment or pleaded as an
original action, the law of limitations governs. The decision
is in reality that such new cause of action is barred, though
in form the statement frequently is that the amendment will
not be permitted.

Considering the question again from a standpoint of policy,
it is a too common matter of observation to be doubted that
the most careful and experienced of practitioners fail at times
in the statement of their client's cause of action through no
fault, but because of the unsettled condition of the law. So
failing, even in essentials, there is no cogent reason for deny-
ing the right of amendment to perfect the cause of action
attempted to be pleaded after the bar of the statute of limi-
tations is complete. The law of limitations, it is true, is one
of repose. It is not, however, the purpose of the law to pre-
vent trials where litigants have moved diligently though er-
roneously. One great reason for such laws is to compel
promptness of action while events are still in mind and evi-
dence available that cases may be determined on their merits.
That object of the statute is accomplished when the action is
commenced. To permit the use of the technical law of plead-
ing, formulated to facilitate trials and to render more cer-
tain the administration of justice, to defeat a hearing and
determination of what is justice, is wholly inconsistent with

the spirit and policy of our law, which seeks a determination of every case upon a trial of the merits. The statement of the rule of the Keppler case, ''that, where the original complaint states no cause of action, it will not arrest the running of the statute of limitations, and an amendment made after the bar of the statute is complete must be treated as filed at the time the amendment is made,'' finds support in the cases considered, and is itself supported by reason if construed as applicable to the class of complaints before the supreme court of Illinois in the Eylenfeldt case, where there was no attempt to state a cause of action in the original complaint. The Keppler case, however, makes the test of the applicability of the rule the failure of the original complaint to state a cause of action when attacked by general demurrer. That test is sound in theory and is the logical line of demarcation between the statement and no statement of a cause of action. But experience in so applying the rule has demonstrated that the test is too rigorous. Even in Illinois, where the rule is most frequently enforced, the court has not adhered to the letter of the law. *Doyle* v. *City of Sycamore, supra.* There are many cases which fall between the extremes of the Eylenfeldt case, where there was no attempt to state a cause of action, and the Patillo case, *supra,* where the defect was the failure to expressly aver the legal conclusion, the promise to pay the balance of an account stated. The propriety of amendments in all cases where the statute of limitations has intervened may be tested by the new cause of action rule stated by this court in *Motes* v. *Gila Valley etc. Ry. Co.,* 8 Ariz. 50, 54, 68 Pac. 532. Inasmuch as the case at bar must be remanded for further proceedings and the question may arise as to the amendment stating a new cause of action, we deem it proper to indicate when amendments to complaints which fail to state a cause of action as tested by general demurrer are to be permitted after the statute of limitations has run. Where the original complaint fails to state facts sufficient to constitute a cause of action tested by a general demurrer, an amendment filed after the bar of the statute of limitation is complete is not subject thereto, provided the facts stated in the original complaint are sufficient when read in the light of the amendment to disclose that such amendment is but the perfection of the imperfect statement of the

cause of action originally attempted to be pleaded and not the statement of a new or different cause of action. The opinion expressed in *Keppler* v. *Becker* is modified accordingly.

As there is no contention under the demurrer sustained by the trial court that the amended complaint in this action states a new or different cause of action from that attempted to be set forth in the original complaint, the judgment is reversed and the cause remanded, with direction to overrule the demurrer to the amended complaint.

KENT, C. J., and DOE, J., concur.  DOAN, J., dissents.